HANNAH S. NUGENT *vs.* WILLIAM F. CLOON, trustee.

Essex. Jan. 29. — Feb. 26, 1875. AMES & ENDICOTT, JJ., absent.

Where real estate is devised in trust to a person who is empowered by the will to sell the same as he shall deem expedient, and upon his failure to accept the trust a new trustee is appointed by the Probate Court under the Gen. Sts. c. 100, § 9, the new trustee is clothed with the power of sale given by the will to the former, and a conveyance of the land by him in the exercise of such power passes a valid title thereto.

Where the obligor in a bond, conditioned for the execution by him on demand of a deed of a parcel of his land, dies leaving a will by which all his real estate is devised in trust with power to sell the same as the trustee shall deem expedient, the rights of a person who takes an assignment of the bond, and procures a conveyance from the trustee, against a purchaser thereof from the obligee of the bond, who, without fraud, had previously obtained a deed from the same trustee, are equitable only and cannot be enforced by a writ of entry.

WRIT OF REVIEW of a judgment rendered by the Superior Court upon a writ of entry brought by the present defendant to recover possession of a parcel of land in Lynn, and in which the present plaintiff was defaulted.

The case was submitted to the Superior Court, and to this court on appeal, after judgment for the defendant in review, on an agreed statement of facts in substance as follows :

On May 1, 1863, Nathan Pool was seised as owner in fee of the premises described in the writ; and on that day he executed and delivered to Sylvester Nugent, the husband of the plaintiff in review, a bond, conditioned for the delivery by him on demand of a warranty deed of the said land. On May 20, 1867, after the death of Pool, Nugent executed an instrument indorsed on the

bond, by which he assigned it and all his interest to the estate therein described to Mary R. Parton.

Pool died on April 15, 1864, being then seised of the said land and having made no conveyance thereof previous to his death, leaving a will, by which he devised all his estate to Henry Bigelow in trust to hold the property invested as he might receive it, " or to sell the same or any part thereof, and reinvest the proceeds, whenever and in such manner as he may deem expedient, executing and delivering sufficient deeds of the real estate," and to pay the income, after deducting expenses, to his wife Maria M. Pool, during her life, and the remainder to such person as she should by will appoint. The testator also appointed his wife his executrix, and gave her the same power to sell real estate as that given to his trustee, " if she should find it necessary or convenient to sell any part thereof for the payment of my debts in the course of the settlement of my estate."

In June, 1864, Maria M. Pool, the widow of Nathan, was duly appointed his executrix by the Probate Court, and in December, 1866, Bigelow, the trustee named in the said will, having deceased without accepting the trust, the said Maria was duly appointed by the Probate Court trustee under the will in his place, in accordance with the Gen. Sts. c. 100, § 9, and accepted the trust and was duly qualified therefor.

On December 16, 1868, Maria, intending to carry out and fulfil the provisions of the bond to Nugent, without license of the Probate Court, executed as executrix and trustee under the will of her late husband, and delivered to Martha W. Rhodes, the mother of the plaintiff in review, a warranty deed of the said land. Maria at the time of the conveyance had no notice of the assignment of the bond to Mrs. Parton, nor of any rights thereunder, but Martha W. had notice of the same. It was the intention both of Maria and Martha that the premises should be conveyed by the latter to the plaintiff in review. The deed was duly acknowledged and was recorded January 14, 1869, and the said Rhodes entered into possession of the premises thereunder.

On May 21, 1869, Sylvester Nugent having died, Martha W. Rhodes and her husband executed and delivered to the plaintiff in review a warranty deed of the demanded premises, which was duly acknowledged and was recorded May 26, 1869. At the

commencement of this action the plaintiff in review was seised and in possession of the premises under the deed.

Mary R. Parton died November 20, 1868, leaving a will duly proved and allowed, appointing William F. Cloon, the defendant in review, trustee of certain property, who having been duly appointed to and qualified for said trust, succeeded and became entitled to whatever rights Mary R. Parton was entitled to at the time of her death under the bond assigned to her by Sylvester Nugent.

On July 24, 1869, Maria M. Pool, without license of the Probate Court, and Lydia P. Symonds, the sole heir at law of Nathan Pool, executed and delivered to Cloon a deed of quitclaim of the demanded premises, which was delivered upon the premises and duly acknowledged and recorded.

On September 17, 1869, Maria M. Pool on her petition was licensed by the Probate Court to sell and convey the premises to Cloon, and by virtue of that authority on September 29, 1869, executed and delivered to Cloon a quitclaim deed of the same land, which was delivered on the premises and was duly acknowledged and recorded.

*A. Fitz*, (*J. W. Perry* with him,) for the plaintiff.

*W. Howland*, for the defendant.

WELLS, J. This, being a writ of entry, must depend entirely upon the question whether the demandant has the better legal title. The equitable rights of either party, under the original agreement between Pool and Nugent, and its transfer to Mrs. Parton, cannot be enforced or protected in this proceeding, even if the facts were sufficiently developed to enable the court properly to determine those rights.

By the will of Nathan Pool the title to the estate vested in the trustee, with a general and unrestricted power to sell and reinvest. It was a power attached to the trust, and not personal to the nominee of the testator. Upon the appointment of Mrs. Pool as trustee, by the Probate Court, the legal title became vested in her, and she was thereby clothed with the same power of sale. Gen. Sts. *c.* 100, § 9. *Purdie* v. *Whitney*, 20 Pick. 25. *Gibbs* v. *Marsh*, 2 Met. 243, 254. *Parker* v. *Converse*, 5 Gray, 336, 341. As executrix also she had a power of sale, by the express terms of the will, for payment of debts.

The deed, under which the plaintiff in review claims title, was executed by her in both capacities. No fraud is shown, upon the agreed statement, as a ground for avoiding the conveyance. If it might be inferred that the plaintiff in review received her deed without consideration or with notice of the trusts with which the estate was charged, her legal title would not thereby be defeated. The remedy of the *cestuis que trust*, if they are entitled to any, would be in equity. Hill on Trustees, 282.

*Judgment for the plaintiff in review.*