MARIA L. SLATTERY *vs.* ALICE S. WASON & others.

Suffolk. April 2, 1889. — February 28, 1890.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Devise for Support — Equitable Attachment.*

A testator, by his will, gave certain stocks in trust, the income to be paid to his son during his life, and at his death the principal to go "to his child or children who shall survive him, provided that, if my son shall leave his wife surviving him, then his said wife shall be entitled to her support out of the same so long as she shall remain his widow." The son died, leaving a widow, who did not marry again, and a son, to whom the trustees paid over the trust fund. *Held,* that the widow had no interest under the will which a creditor could reach by a bill in equity under the Pub. Sts. c. 151, § 1, cl. 11.

BILL IN EQUITY filed September 23, 1884, under the Pub. Sts. c. 151, § 1, against Alice S. Wason, Ernest W. Wason, and the trustees under the will of Thomas W. Wason, to reach and apply, in payment of a debt alleged to be due to the plaintiff from the first named defendant, her interest under the will. The defendants demurred for want of equity. The case was heard by *Devens,* J., who reserved it for the consideration of the full court, and was as follows.

The will of Thomas W. Wason, which was duly admitted to probate, contained the following provision: "To my son,

George T. Wason, I give and bequeath the income of my Boston and Albany Railroad stock, and the income of one half of my stock in the Wason Manufacturing Company, during his life, the principal of said stocks to be held by my executors during his life, and at his decease I give the same to his child or children who shall survive him; provided that, if my said son shall leave his wife surviving him, then his said wife shall be entitled to her support out of the same so long as she shall remain his widow." The executors of the will declined to act as trustees, and the defendant trustees were duly appointed as such, and proceeded to administer the trust. George T. Wason subsequently died, leaving a widow, the first named defendant, and Ernest W. Wason, their son, surviving him. The trust was terminated by his death, and the trust fund was then paid over first by the trustees to the guardians of Ernest W., and, upon his becoming of age, by such guardians to him. The widow of George W. had not married again since the death of her husband. The bill sought to compel the payment by Ernest W. of so much of that portion of the income of the trust fund to which his mother was entitled under the will as should be necessary to satisfy the alleged indebtedness.

The case was argued at the bar in April, 1889, and afterwards was submitted on the briefs to all the judges.

*F. Ranney*, for the widow and son.

*G. Wigglesworth*, for the trustees.

*E. R. Champlin & E. I. Baker*, for the plaintiff.

W. ALLEN, J. It was decided in *Broadway National Bank* v. *Adams*, 133 Mass. 170, that the donor of the income of a trust fund to one for his life might qualify the gift by a provision that the right to receive the income should not be alienable. The language of the court in *Baker* v. *Brown*, 146 Mass. 369, referring to that case, is applicable to the case at bar: " Such provision need not be in express terms, but it is sufficient if the intention is clearly to be gathered from the instrument, when construed in the light of the circumstances. The only question in the present case is, whether enough appears to show such intention."

The intention that the right given in the instrument under consideration should not be alienable is obvious from the nature

of the gift. There is no gift of the whole income, as in *Broadway National Bank* v. *Adams*, nor even of the whole income for the support of the beneficiary, as in *Maynard* v. *Cleaves*, 149 Mass.. 307, and in many other cases; but, at most, a right to so much of the fund as shall be needed for her support. When the whole income or a definite sum is given to the beneficiary for his support the whole belongs to him and is to be applied by him at his discretion, and the expression of the purpose for which it is given is not deemed to be the expression of an intention that the right to secure it shall not be alienable; but when the right given is for a support out of a fund which is given to another, the right is in its nature inalienable, and the intention of the donor that it shall not be alienated is presumed. The right may be extinguished, but it cannot be aliened, because a payment to an alienee cannot be a payment for the support of the beneficiary, and no payments are required to be made by the owner of the fund except such as are for that purpose. The only escape from this conclusion is to hold that the court on this bill by a creditor will fix the amounts and times of future payments for support, and decree that they shall be fixed sums, due but not payable to the beneficiary, the right to which she can aliene.

One answer to this is, that the court will not interfere to change the relations of the parties at the request of a stranger. The owner of the fund is not a trustee, and his mother is not a *cestui que trust* who, or whose representatives, can call him to account as a trustee. He is the absolute owner of the fund, subject to the charge of his mother's support. He owes a duty to his mother, and she has a right against him. So long as the parties are satisfied, there is no occasion for any court to interfere with them. If he fails to perform his duty, the court on her application will in some way protect her rights. It may require him to give security, or it may organize a trust fund and make him or some other person trustee, and thus change the relation of the parties and the character of the fund; but the court ought to thus interfere and act only at the instance of the party in interest, and to protect her rights under the will by carrying out the intention of the testator. It will not without her complaint, and against her wishes, interfere at the suit of a

third party to institute a trust, and to change the character of the fund and the relation of the parties to it, in order to defeat the intention of the testator, not only as to his daughter-in-law, but also as to his grandson. The whole fund is given to the grandson, charged only with the support of his mother. Whatever is not required for her support is his to enjoy. What is paid to her creditors is not used for her support, although it is paid by him. If the court should attempt to recoup his loss by limiting the amount which he should be liable to pay for his mother's support to the amount he is to pay to her creditors, while this would deprive her of a right of support under the will, it could not relieve him from his statutory obligation to support her. If, however, the relations of the parties, and the circumstances, were such that the court would fix and secure to Mrs. Wason the amount which should be paid to her for her support, it would take care that by so doing it did not change the condition of the property, so as to defeat, instead of carrying out, the intention of the testator. If such action was sought by Mrs. Wason to protect her rights, the decree should be so framed as not to render the right alienable. When the parties do not desire the aid of the court, it will not interfere at the suit of a creditor to change the condition of the property, and thereby give him rights which the will alone does not give him, and which the testator did not mean that he should have. In accordance with the opinion of a majority of the court, the entry is,

*Demurrer sustained.*