JAMES WEMYSS, JR. *vs.* CHARLES G. WHITE & another, trustees.

Suffolk.    May 25, 1893. — September 15, 1893.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Right to alienate Income — Discretion of Trustees — Powers of New Trustee.*

A testator provided by will, in creating a trust, that the trustees may, "at any time, in the exercise of their discretion, discontinue the payment of the income, and apply the same in such a way as they deem best for the beneficiary's support and maintenance." *Held*, on a bill in equity brought by the holder of an order and mortgage from the beneficiary to compel the trustees to apply the income to the payment of the debt, that the beneficiary did not have an absolute right to the income, which he could alienate in advance; that the St. of 1884, c. 285, did not apply, and that the discretion was not merely a personal confidence in the persons named as trustees, but was also conferred on a new trustee under the Pub. Sts. c. 141, § 6.

BILL IN EQUITY, filed January 20, 1893, against Charles G. White and Ambrose A. Ranney, trustees under the will of Benjamin F. White, and Henry G. White, the beneficiary thereunder, to reach and apply the income of the latter in payment of an order and mortgage given by him to the plaintiff. Hearing before *Holmes*, J., who reported the case for the determination of the full court.    The material facts appear in the opinion.

*A. F. Means*, for the plaintiff.

*F. Ranney*, for the defendants.

LATHROP, J.    It was held, after much consideration by this court, in *Broadway Bank* v. *Adams*, 133 Mass. 170, that a person having the right to dispose of property may settle it in trust in favor of another, with the provision that the income shall not be alienated by the beneficiary by anticipation, or be subject to be taken by his creditors in advance of its payment to him, although there is no cesser or limitation of the estate in such an event. This case distinctly repudiated the doctrine of the English courts of equity, which is, "that when the income of a trust estate is given to any person (other than a married woman) for life, the equitable estate for life is alienable by, and liable in equity to the debts of, the *cestui que trust*, and that this quality is so

inseparable from the estate that no provision, however express, which does not operate as a cesser or limitation of the estate itself, can protect it from his debts." 133 Mass. 172, per Morton, C. J.

As the English doctrine does not obtain in this Commonwealth, we have no occasion to consider the numerous cases cited from the English reports in support of the plaintiff's contention. The effect of the decision in *Broadway Bank* v. *Adams* is to put an equitable *cestui que trust* upon the same footing as a married woman under the English decisions. The question in every case is, whether an equitable *cestui que trust* takes an absolute unqualified interest, which he can assign and which can be reached by his creditors, or whether he takes merely a qualified interest, over which he has no power until the property, principal or income, comes into his possession. This question is to be determined by ascertaining the intention of the creator of the trust, it being held in *Broadway Bank* v. *Adams* that the intentions of the creator of the trust "ought to be carried out, unless they are against public policy," and that the power of alienating in advance is not a necessary attribute or incident of a qualified estate or interest, so that the restraint of such alienation would introduce repugnant or inconsistent elements. 133 Mass. 173.

In *Broadway Bank* v. *Adams*, the intention was expressed in clear and unequivocal words. The gift was of a certain sum of money to executors, in trust, to invest and pay the net income thereof to a brother of the testator "free from the interference or control of his creditors," the testator declaring his intention to be "that the use of said income shall not be anticipated by assignment." See also *Claflin* v. *Claflin*, 149 Mass. 19 ; *Billings* v. *Marsh*, 153 Mass. 311.

"Such provision need not be in express terms, but it is sufficient if the intention is clearly to be gathered from the instrument, when construed in the light of the circumstances." *Baker* v. *Brown*, 146 Mass. 369, 371. *Slattery* v. *Wason*, 151 Mass. 266.

The case at bar resembles very closely that of *Hall* v. *Williams*, 120 Mass. 344. There the residue of the property was devised to trustees to pay the balance of the income, after paying certain

annuities, in equal parts, to the seven children of the testator. Then followed a provision that, if either of the recipients should be " wanting in thrift and care, or a sound discretion in the use of money," the trustees were " charged with paying and disbursing the same in such way and ways as shall be most likely to make the same inure and be beneficial " to such recipient. It was held that this vested in the trustee a large discretion as to the time and manner of payment; and that a child could not assign or otherwise dispose of his share of the income in advance of its payment to him.

In the case at bar, the trustees may, " at any time, in the exercise of their discretion, discontinue the payment of the income, and apply the same in such a way as they deem best for the beneficiary's support and maintenance." It follows that the beneficiary did not have an absolute right to the income, which he could alienate in advance, but, as was said in *Broadway Bank* v. *Adams,* " only the right to receive semiannually the income of the fund, which upon its payment to him, and not before, was to become his absolute property." 133 Mass. 173.

The St. of 1884, c. 285, does not change the rule laid down in *Broadway Bank* v. *Adams,* and *Billings* v. *Marsh, ubi supra;* and we find nothing in the cases of *Ricketson* v. *Merrill,* 148 Mass. 76, and *Wilson* v. *Martin-Wilson Fire Alarm Co.* 151 Mass. 515, cited by the plaintiff, which intimates the contrary.

The plaintiff further contends, that, as one of the trustees resigned and another was appointed in his place, the present trustees cannot exercise any discretion, and that the interest of the beneficiary is therefore absolute. By the express terms of the statute, the new trustee has " the same powers, rights, and duties . . . as if he had been originally appointed." Pub. Sts. c. 141, § 6. The discretion given to the trustees is a part of the trust, to be exercised by them as long as the trust shall continue. It cannot be considered as merely a personal confidence in the persons named as trustees. *Nugent* v. *Cloon,* 117 Mass. 219, 221. *Bradford* v. *Monks,* 132 Mass. 405, 407. *Schouler, petitioner,* 134 Mass. 426, 428.

*Bill dismissed.*