ALBERT W. IASIGI *vs.* JOHN O. SHAW, JR., & others.

Suffolk. December 4, 1896. — January 8, 1897.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Right to withhold Income from Cestui que Trust — Discretion of Trustee under Will.*

It sufficiently appears from a clause in a will creating a trust, — in which the net income is directed to be paid to a son " during his life, upon his receipt in writing therefor, at such times, in such manner, and in such sums as to 'my said trustees shall seem fit; and, at his decease, the principal sum of said several trust fund, with the income, if any, which shall have accrued thereon, shall be paid and distributed among his issue," — that the testator. intended that the son should have only a qualified interest in the income of the trust, subject entirely to the discretion of the trustees; and a bill in equity to reach and apply the son's interest therein in payment of a debt will not lie.

BILL IN EQUITY, filed January 7, 1896, against John O. Shaw, Junior, and George Lemist Clarke, trustees under the will of Joseph Iasigi, and Thomas G. Iasigi, the beneficiary thereunder, to reach and apply the interest of the latter in payment

of a debt due to the plaintiff. The trustees demurred, assigning as ground therefor that the plaintiff had not stated in his bill such a case as entitled him " to any discovery from these defendants, or to any relief against them, or to any account from them, as to the matters contained in his said bill, or any of such matters." Hearing before *Allen*, J., who sustained the demurrer, and dismissed the bill with costs; and the plaintiff appealed to the full court. The facts appear in the opinion.

*J. L. Thorndike*, for the plaintiff.

*C. C. Read*, for the defendants.

BARKER, J. The decisions of this court which hold that a trust can be so framed that the interest of the beneficiary cannot be reached by his creditors, although there is no cesser or limitation of his estate in such an event, were considered in the recent case of *Wemyss* v. *White*, 159 Mass. 484, with the result there stated : " The question in every case is, whether an equitable *cestui que trust* takes an absolute unqualified interest, which he can assign and which can be reached by his creditors, or whether he takes merely a qualified interest, over which he has no power until the property, principal or income, comes into his possession. This question is to be determined by ascertaining the intention of the creator of the trust. . . . ' Such provision need not be in express terms, but it is sufficient if the intention is clearly to be gathered from the instrument, when construed in the light of the circumstances.' "

In the present case we think it sufficiently appears that the testator intended that this son should have only a qualified interest in the income of the trust, subject entirely to the discretion of the trustees, and that he should have no power over the income until it should actually be paid into his own hands, and upon his own receipt in writing, by the trustees acting in their discretion; and that it was the further intention of the testator that all income accruing during the life of the son, and not so paid to him, should, upon his death, go with the principal of the trust fund to his issue, or, in default of such issue, to his surviving brothers and sisters, and the issue of any of his deceased brothers and sisters.

This is the natural interpretation of the language of the clause creating the trust, in which the net income is directed to be

paid to the son " during his life, upon his receipt in writing therefor, at such times, in such manner, and in such sums as to my said trustees shall seem fit; and, at his decease, the principal sum of said several trust fund, with the income, if any, which shall have accrued thereon, shall be paid to and distributed among his issue," etc.    We cannot accede to the construction of this clause, contended for by the plaintiff, that the income must at all events be paid to the son at some time, and that the accrued income which is to go to his brothers and sisters at his decease is merely such as may come in between that time and the actual distribution of the fund.    On the other hand, we think that the testator had in mind, and provided for the contingency, that the exercise of the discretion given to his trustees to pay the income to the son " at such times, in such manner, and in such sums " as to them should seem fit, would result in leaving in their hands until the death of the son income which it had not seemed fit to them to pay to him at all, and which in such case is given elsewhere by the will, by the directions that the fund, " with the income, if any, which shall have accrued thereon, shall be paid to and distributed among his issue surviving " at his decease, and that if he leave no issue " then said principal sum and the accumulations thereon " shall be otherwise distributed.

This construction of the clause is to some extent strengthened by the other provisions of the will.*    The testator left a widow and ten children, five of whom were sons.    The will established a trust for his wife, the income of which was to be paid to her in equal quarter-annual payments, but no payments should be made in anticipation, or except upon her written order or request.    The bulk of the estate was given to his eldest son and to another person as trustees to hold until a date something more than two years after the testator's death, when, or sooner if the distribution would yield the sum of fifty thousand dollars for each child, the principal was to be distributed among his children, the shares of each of the daughters and of the three younger sons being put in trust, and those of the two eldest sons paid to them, with a provision for an advancement to them

* The greater part of the will may be found in the report of the case of *Parker* v. *Iasigi*, 138 Mass. 416.    The will was also before this court in the case of *Iasigi* v. *Iasigi*, 161 Mass. 75.

to enable them to carry on without embarrassment the business in which they were engaged when the will was made. The trusts for the daughters were to be several and separate, and the net income was to be paid to each daughter during her life " upon her separate receipt, but not by way of anticipation." The same clause which created the present trust created at the same time separate trusts in the same terms for another son, as well as for the son whose interest is the subject of the present suit. The share of the remaining son was put in trust until he should attain the age of twenty-five years, the net income until that time to be paid to him " upon his receipt in writing therefor, at such times, in such sums, and in such manner as my said trustees shall deem expedient," the principal with the income, if any, accrued thereon to be then paid over to him; and with the power to dispose of his portion by will after attaining the age of twenty-one, and the further direction to the trustees that, if he should die intestate, the portion should be distributed among those who would be entitled thereto if he had died possessed thereof as personal property.

It thus appears that for some reason the testator, instead of treating the present son and one other of his sons as he did the other three, and providing that their portions should at length become their absolute property, gave these two sons only a limited and qualified interest, similar to that which he gave to his wife and daughters, and himself provided for the disposition of the portions at their decease, giving them no right even of disposal by will. This in some degree supports the conclusion that his intention was not to give to these two sons any absolute or unqualified interest, but one over which they should have no power except to receive such income as it should seem fit to the testator's trustees to pay them upon their receipts in writing.

*Decree dismissing the bill affirmed.*