GEORGE A. NICKERSON & another, executors, *vs.* HARRIET J. VAN HORN & others.

Suffolk. March 13, 1902. — June 17, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Trust.*

A trust, created by will for a granddaughter, providing, that the income shall be paid into her hand, or upon receipts or orders signed by her immediately before the payment, and that the trustees may in their discretion decline to pay her anything, and apply only so much as they see fit to her maintenance and support, or the education, maintenance or support of her children, and accumulate the balance until after her death, gives the beneficiary no absolute right of control or alienation, and so no interest which can be reached by creditors.

In a trust created by a charge upon land, to pay an annuity to a beneficiary, a provision, that the payments shall be made only upon "receipts or orders therefor signed by her at or immediately before the payment thereon, and not by way of anticipation," is equivalent to saying that the beneficiary shall have no power to alienate the annuity, and she therefore has no interest in it that can be reached by creditors.

BILL IN EQUITY, filed February 28 and amended by leave of court December 20, 1901, to reach and apply the income of a trust fund, given to the defendant Harriet J. Van Horn by the will of John Simmons, in satisfaction of the plaintiffs' claim.

The case was heard by *Barker*, J., who found that the trustees under the will of John Simmons, before the filing of the bill, in pursuance of the will transferred to the defendant corporation, the Simmons Female College, the property on which the annuity of $5,000 to the defendant Harriet J. Van Horn was charged; that the trustees had no title to the property on which the annuity was charged, and were not in receipt of the rents and income of that property; that Harriet J. Van Horn was a granddaughter of the testator, and was named in the will as Harriet J. Simmons; that at the date of the filing of the bill the trustees had on hand no income for the defendant Van Horn; and that

at the date of the hearing they had on hand, subject to the provisions of the will, $1,105.63.

Upon these findings and the pleadings the justice, at the request of the parties, reserved the case for the determination of the full court, such decree to be entered as justice and equity might require.

*C. E. Hellier*, for the plaintiffs.

*C. K. Cobb* ( *W. D. Whitmore, Jr.* with him,) for the defendant Harriet J. Van Horn.

KNOWLTON, J. The plaintiffs seek to reach and apply, in payment of a debt, the interest of the defendant, Harriet J. Van Horn as a *cestui que trust* under the seventh article of the will and the fourth and fifth articles of the codicil to the will of her grandfather, John Simmons. The question as to each of these legacies is whether it is an absolute gift, of which this defendant has the power of alienation, and which is subject to be taken by her creditors for her debts, or whether, under the trust, it is put beyond her control except to use it as it is paid to her when due, and beyond the power of her creditors to have it appropriated to the payment of her debts.

By the decisions in *Broadway National Bank* v. *Adams*, 133 Mass. 170, and the numerous cases that have followed it, it has been held that a testator may create a trust for life by which the beneficiary shall receive payments from time to time, which shall not be subject to alienation or be liable to be taken or appropriated by his creditors. Whether the *cestui que trust* takes an absolute interest, or only a qualified interest over which he has no power until the property comes into his possession, is to be determined in each case by ascertaining the intention of the creator of the trust. *Hall* v. *Williams*, 120 Mass. 344. *Foster* v. *Foster*, 133 Mass. 179. *Wemyss* v. *White*, 159 Mass. 484. *Crawford* v. *Langmaid*, 171 Mass. 309, 312.

By the terms of the trust created by article seven of the will, the trustees are to pay over the remainder of the rents and income to the " granddaughter Harriet, quarter-yearly during her natural life, into her hand or upon her sole and separate receipts or orders therefor in writing signed by her at or immediately before the payment thereon, and not by way of anticipation ; . . . or, if said trustees shall see fit, upon her request in writing

signed by her, to permit her to collect and receive to her own use the rents and income of said trust estates ; . . . or to apply the said remainder of said rents and income, or so much thereof as said trustees shall see fit, to her individual maintenance and support, and to the education, maintenance and support of any children of hers," with a provision for the accumulation of any unexpended portion, to be paid over after her decease to her children or their issue. It seems very clear that she has not an absolute, unqualified interest in any portion of the rents and income prior to the time when it is paid to her. Not only are the payments to be made into her hand, or upon receipts or orders signed by her at or immediately before the payment, but the trustees may, in their discretion, decline to pay her anything, and apply only so much as they see fit to her maintenance and support, or the education, maintenance and support of her children, and accumulate the balance until after her death. The intention of the testator to leave her without an absolute right of control or alienation of this property seems plain.

The annuity given by articles four and five of the codicil, is also to be held in trust. It is to be paid to her " by the person or persons or corporation who shall at the time when the same shall become payable be in receipt of the rents and income of said land." Then the land is given to trustees in trust " out of the net rents and income " of said estate, " to pay said annuity," etc. The trust follows the land, and is imposed by the will upon the corporation to which the land is conveyed by the original trustees. By one clause the annuity is made a charge upon the estate, but it is still an annuity to a *cestui que trust* to be paid by a trustee or trustees. The same rule of law applies to the construction of the trust in reference to the nature of the interest taken by the *cestui que trust* as we have already stated in reference to ordinary trusts. It is a question whether the testator intended to give her an absolute, unqualified interest in this annuity, which she could alienate if she chose, or an interest which she could not control until the money should become payable. Although this article omits to provide that the income may be accumulated by the trustees for the benefit of her children, it requires that the payments shall be made only upon " receipts or orders therefor in writing signed by her at or immediately

before the payment thereon, and not by way of anticipation," etc. We are of opinion that this is equivalent to saying that she shall have no power to alienate the annuity, and that it shall be held by the trustees to be paid to her personally when due, or to some one to whom she then directs the payment for her. We are of opinion that this is a way adopted by the testator to prevent the possibility of her wasting it or anticipating it by contracting debts on the faith of it, or otherwise leaving herself without. the provision intended for her when it should become due. *Smith* v. *Towers,* 69 Md. 77. *Steib* v. *Whitehead,* 111 Ill. 247. *Partridge* v. *Cavender,* 96 Mo. 452. See *Jollands* v. *Burdett,* 2 De G., J. & S. 79; *Gibson* v. *Way,* 32 Ch. D. 361.

In England income coming to a married woman under a settlement which forbids her use or disposal of it by way of anticipation is beyond the reach of creditors; although income which has accrued and become payable before the date of the judgment, but has not been paid over, may be taken for her debts. *Whiteley* v. *Edwards,* [1896] 2 Q. B. 48. *In re Lumley,* [1896] 2 Ch. 690. *Hood Barrs* v. *Heriot,* [1896] A. C. 174. Under this rule the plaintiffs in the present case would take nothing.

                                           *Bill dismissed.*

