WILLIAM ENDICOTT, JR. & another, trustees, *vs.* RECTOR AND BOARD OF VISITORS OF THE UNIVERSITY OF VIRGINIA & others.

Norfolk.   September 2, 1902. — October 30, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Trust.*

A provision that the income of a trust fund shall be paid to the testator's daughter during her life at such times and in such sums as the trustees deem judicious gives the trustees no such power to withhold payments as to make the daughter's life estate inalienable.

HOLMES, C. J.   This is a petition for instructions brought in the Probate Court by trustees under a will, and coming here by appeal from a decree of a single justice of this court.   By the will in question the residue of the estate was given in trust to "pay over the net income thereof to my daughter Mary Austin during her life.   And the said income is to be paid to said Mary Austin, at such times and in such sums as my Executors or Trustees may deem judicious," with remainder to the University of Virginia.   Under this clause the daughter receives income amounting to about $15,000 a year, which, we presume, is more than she needs, and she has executed a deed purporting to convey to the University of Virginia her interest in her life estate over the amount of $5,000 a year.   Instructions are asked whether she has a right to make such a conveyance, and whether the trustees are bound by it.   On appeal from the Probate Court it was decreed by a single justice of this court that the conveyance was valid and that the trustees should pay over the income in excess of $5,000 a year to the university, "at such times and in such sums as they may deem judicious," this qualification, it will be seen, being taken from the terms of the will. The appeal is taken by Henry W. Austin, a son of the testator, who was given an annuity of $1,200.   It is objected on behalf of the university that he is not aggrieved and therefore has no standing to take the appeal, even if the decree were wrong, which is denied.

Obviously the standing of the appellant, if he has any, is on a needle's point, but we shall not discuss the matter because we are of opinion that the decree was right, and probably the parties would rather have a decision upon the merits, if it can be reached.

The whole income is given to the daughter. The provision that it shall be paid at such times and in such sums as the trustees deem judicious in no way cuts down or limits the absoluteness of the requirement that sooner or later it shall be paid. Her right during her life is unqualified and without alternative. Therefore on general principles her life estate is alienable unless words can be found which tie it up. There are no such words beyond those which we have quoted as to the sums and times of payment. But as these do not authorize the income or a part of it to be withheld altogether, they allow the trustees only a limited and reasonable discretion. They do not mean that the trustees may accumulate the income during the daughter's life and pay the whole to her executor, any more than they allow the trustees to pay a part to some one else. Probably the words were inserted mainly with a view to the trustees' convenience in making annual payments. At all events they give the trustees no such power to withhold payments as was held sufficient to make the fund inalienable in *Wemyss* v. *White*, 159 Mass. 484, and *Nickerson* v. *Van Horn*, 181 Mass. 562. In *Iasigi* v. *Shaw*, 167 Mass. 328, the gift over of accrued income and the provision for payment upon the son's receipt in writing were the facts relied on to show that the son's right was not absolute. Neither of those facts exists in the present case, which shows nothing to take it out of the general rule stated in *Evans* v. *Wall*, 159 Mass. 164, 169.

The case of *Perkins* v. *Hays*, 3 Gray, 405, is relied upon. That dealt with a trust for the testator's widow, created in the old days before St. 1855, c. 304, when, no doubt, courts would have been less disposed than at present to find a power of alienation granted to a woman, or more disposed to find the power withheld, whichever they regarded as the true mode of statement. See 3 Gray, 409. But the decision would have gone to lengths that no one would go to now if it had not been based on special provisions which contemplated the funds not coming to

the widow's hands in case of her incapacity and a possible discretionary application of them to the support of the testator's children.    These provisions not only restricted the widow's rights but very much strengthened the argument that a scheme was expressed which alienation would defeat.

*Decree affirmed.*

*A. Lord,* for Henry W. Austin.

*A. P. Loring & H. J. Coolidge,* for the University of Virginia and Mary Austin Carroll.