ELIJAH W. SELLS, trustee, *vs.* PHILLIP M. DELGADO
& others.

Norfolk.   January 25, 1904. — May 20, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Trust*, Powers of trustees.

A testatrix, having created a trust for the benefit of her two children, provided as
follows: " But upon each of my children attaining the age of twenty-five years,
then my trustees or the survivor of them may, if in their or his discretion they
or he deem it prudent and advantageous, pay over and convey to the one reach-
ing that age his or her respective share, to vest in him or her absolutely and for-
ever, and my said trustees or the survivor of them shall be the sole judges, and
I leave it entirely to their or his discretion to decide whether or not it will be
prudent and advantageous for any of my children on his or her reaching that
age to receive the principal of his or her respective share."   Two trustees were
named in the will but neither of them qualified as such and one of them died.
A new trustee was appointed who, after one of the children of the testatrix had
reached the age of twenty-five years, brought a bill for instructions as to his
power to make a partial distribution of the trust estate.   *Held*, that the power
in question not being limited by its terms to the first trustees vested in the new
trustee under R. L. c. 147, §§ 6, 7, and that in his discretion he could pay one
half of the entire trust estate to the child of the testatrix who had reached the
age of twenty-five years.

BILL IN EQUITY, filed October 16, 1903, by the trustee under
the will of Ella A. Delgado, appointed in place of the trustees
named in that will, for instructions as to his power to distribute
one half of the trust fund to Marina Elena Parke, one of the
children of the testatrix, who had attained the age of twenty-
five years and had requested such distribution.

The case came on to be heard before *Hammond*, J., who at
the request of the parties reserved it upon the bill and answers
for determination by this court.

The will of Ella A. Delgado contained the following clauses:

" Fifth: I give, devise and bequeath all the rest, residue and
remainder of my estate, real, personal or mixed, wheresoever
situated, unto my executors and trustees hereinafter named, or
the survivor of them, in trust, to divide the same at the time of
my decease into two equal parts or shares, and to set apart one
of said shares for the benefit of my daughter, Marina Elena Del-

gado, and the other share for the benefit of my son, Phillip Mario Delgado; to collect the income of each share as it accrues, and pay out of the income of each share for the maintenance and education of each respectively, and to accumulate whatever is left over of the income of each respective share and invest it for the benefit of each during his or her respective minority, and my trustees or the survivor of them shall pay over to him or her when he or she attains the age of twenty-one years, the accumulations of the income of his or her respective share, and shall hold and retain the share of each during his or her natural life, and continue paying to each the income of his or her respective share during his or her life respectively, and at the death of either the share of the one dying on failure of issue, him or her surviving to become a part of the original trust fund held by my executors and trustees for the one surviving, and to be held by them for the benefit of the survivor precisely in the same manner, upon the same conditions, and to be paid to the survivor on the event and as herein provided with reference to the original trust fund of his or her share.

"But upon each of my children attaining the age of twenty-five years, then my trustees or the survivor of them may, if in their or his discretion they or he deem it prudent and advantageous, pay over and convey to the one reaching that age his or her respective share, to vest in him or her absolutely and forever, and my said trustees or the survivor of them shall be the sole judges, and I leave it entirely to their or his discretion to decide whether or not it will be prudent and advantageous for any of my children on his or her reaching that age to receive the principal of his or her respective share.

"Sixth : I appoint my friends, Emilio Del Pino, now residing at No. 15 East 32nd Street, New York City, and Lester A. Beardslee, now residing at Little Falls, New York State, joint executors and trustees of this, my last will and testament, giving and granting unto my said executors and trustees or the survivor of them power to sell or convey my real estate at public or private sale, giving proper deeds therefor whenever they or he in their or his discretion deem it convenient for the benefit of my estate.

"Seventh : I appoint the said Emilio Del Pino and Lester A.

Beardslee joint guardians or the survivor of them guardian of the persons and estates of my children, Marina Elena and Phillip Mario Delgado, during his or her respective minority.

"Eighth : And in'case one of my executors and trustees and guardians of my children should die, the survivor is clothed with the same authority and discretionary powers hereinbefore given and granted to them jointly."

*J. M. Hallowell*, for the defendants Marina Elena Parke and Fred K. Parke.

*W. H. Lewis*, guardian *ad litem*, & *J. L. Dyer*, for the defendant Phillip Mario Delgado, submitted a brief.

BRALEY, J. The general rule at law is that where a power is created and given in a will or deed by words that clearly indicate that the donor of the power placed special confidence in the donee, so that the element of personal choice or selection is found, then the exercise of such a power must be confined to and exercised by the person or persons thus selected, and ordinarily is not transmissible. *Richardson* v. *Morey*, 18 Pick. 181, 187. *Shelton* v. *Homer*, 5 Met. 462, 465. *Tainter* v. *Clark*, 13 Met. 220, 226. *Greenough* v. *Welles*, 10 Cush. 571, 575. *White* v. *Ditson*, 140 Mass. 351, 359.

Among other questions raised it becomes important first to determine whether the trustees named in the will of the testatrix come within this rule. She provided that the bulk of her estate should be divided into "two equal parts or shares" and respectively held in trust for the sole use and benefit of her children, the income arising therefrom to be paid to them with rights of survivorship as to principal and income not now material to the decision of the case. The further provision appears that when either attained the age of twenty-five years, if in the judgment of the trustees, or the survivor of them, it was prudent and for their welfare, the property then might be distributed, and that part coming to each paid and the trust wholly or partially determined.

In the fifth clause which created the trust, she does not speak of the trustees by name, but they are referred to as "my . . . trustees hereinafter named, or the survivor of them."

In the sixth clause they are spoken of by name, and appointed trustees to execute the trust created in the preceding clause.

The language used by her is apt to express her purpose; and to them she confided discretionary powers in the management of the trust estate, and it was provided that, in case of the death of one, the survivor succeeded to all the authority possessed by both. An examination of the record discloses the fact that of the original trustees one has died, and though they were duly appointed. executors, yet they never qualified as trustees, and must be held by their conduct to have disclaimed the office.

But a person named as trustee in a will or other instrument is not obliged to accept and execute the trust. He may expressly decline to serve, or, by his failure to act or to take such steps as may be required legally to qualify him for his office, may leave it `completely unexecuted, and if his conduct was conclusive, then it would follow that the trust itself would fail for want of .a trustee to carry it into effect.

This is not permitted, and under such conditions a court having jurisdiction of the probate ·of the will, or vested with general equity jurisdiction, will, upon application of those interested as beneficiaries or otherwise, appoint a trustee or trustees to administer the trust as if none had been originally named or appointed. *Bowditch* v. *Banuelos*, 1 Gray, 220. *Attorney General* v. *Barbour*, 121 Mass. 568, 574. *Carruth* v. *Carruth*, 148 Mass. 431.

For it is a familiar maxim in equity that a trust shall not be allowed to fail for want of a trustee, and in a case like that under consideration the power conferred is not a mere detached naked authority purely discretionary with them which may be exercised at their pleasure, but is blended with the trust to which it attaches. *Gibbs* v. *Marsh*, 2 Met. 243, 251. *Leeds* v. *Wakefield*, 10 Gray, 514, 517.

A different construction would cause a serious impairment of the full design of the testatrix and leave it imperfectly executed; although the receipt of the income is assured, yet it may be equally, if not more, advantageous to the beneficiaries to call for a distribution of the principal to be made under the provisions of the will, and it might be a great hardship to either if deprived of this privilege because the power to make the distribution was found to be limited to the persons named as trustees in the will.

That she did not intend such a result is shown not only by her purpose that her children, if found competent, were to be permitted when of mature age to receive the principal, but also in the use by her of the comprehensive phrase " my trustees or the survivor of them ", and if it had been a part of the general plan to limit such a power to those originally selected then she would have used words to make plain such a limitation.

It may therefore be inferred that her intention was not to restrict its exercise to those named, but rather to confer it on whomsoever should be appointed to administer the trust.

At the time when her will was admitted to probate it had been the settled law of this State for seventy-five years that when a trustee under a written instrument declines to serve or resigns, or is removed, a new trustee appointed in his place under a trust similar to that created by this will shall have and exercise the same powers, rights and duties as the original trustee, and by force of law on such appointment being made the estate vests in him as if he had been primarily designated. St. 1817, c. 190, §§ 40, 41. Rev. Sts. c. 69, §§ 7, 8. Gen. Sts. c. 100, § 9. Pub. Sts. c. 141, §§ 5, 6. R. L. c. 147, §§ 5, 6. *Richardson* v. *Morey*, 18 Pick. 181. *Nugent* v. *Cloon*, 117 Mass. 219, 221. *Bradford* v. *Monks*, 132 Mass. 405. *Wemyss* v. *White*, 159 Mass. 484. *Stanwood* v. *Stanwood*, 179 Mass. 223. See also *Chase* v. *Davis*, 65 Maine, 102; *Woodfall* v. *Arbuthnot*, L. R. 3 P. & D. 108, where under similar statutory provisions a like result was reached. Compare *Leggett* v. *Hunter*, 19 N. Y. 445.

The object of this provision of the statute is to remove any doubt as to the authority of trustees to act who may from any cause take the place of, and are substituted for those named in the instrument, and by the act of succession the trust itself is not in any way impaired or narrowed, but is kept alive and fully executed. If a power of the nature under discussion has been given but is not strictly limited by its terms to the first trustees by name, then those who succeed them, by the operation of the statute, become clothed with a like authority, and they may, when acting honestly, either execute the power or refuse to exercise the discretion left open to their personal judgment. *Wemyss* v. *White*, and *Stanwood* v. *Stanwood*, *ubi supra*.

It must therefore be held that the petitioner under his appoint-

ment by the Probate Court has succeeded to all the powers and duties originally conferred, and possesses the right to determine whether the trust estate shall now be divided according to the provisions of the will.

No occasion is found which requires a consideration of the question that might arise whether a trustee vested with such powers, but who refuses to exercise them, could be compelled by a court of equity to take action, for the petitioner states in his petition that in his opinion and judgment he considers "it advantageous, prudent and desirable" that Marina Elena Parke, one of the beneficiaries, who is within the preliminary condition as to age, should now receive her share of the property. *Eldredge* v. *Heard*, 106 Mass. 579. *Proctor* v. *Heyer*, 122 Mass. 525.

Because there is a bare possibility that she and her children may not survive him, her brother Phillip Mario Delgado, who though of age is not yet twenty-five years old, and has become insane, by his guardian *ad litem* opposes the granting of the petition, on the ground already discussed, but the will confers on the trustees, or the survivor of them, the right to determine, after either of the beneficiaries has reached the age of twenty-five years, when in his or their judgment the event shall happen upon which distribution of the property shall be made, and for the reasons stated the present trustee can in his discretion pay over to the daughter of the testatrix one half of the entire trust estate.

*Decree accordingly.*