EDWARD P. JASTRAM vs. AMELIA B. McAUSLAN et al.

PROVIDENCE—JULY 8, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  Wills.  Equitable Estates.  Vested Interests.  Accounting.  Mortgages.

Testamentary bequest gave the residue of estate of testator to trustees to
pay to the widow one full third of the income during life "and the other
two-thirds to pay over and distribute equally for the support, education, and
advancement of all my children, said A. and B." (two of the trustees who
were of age) "among them."

Complainant, who was assignee of a mortgage made by three of the children
on their interest in the estate, brought a bill for an account of the income
of the trust estate and to compel the payment to him of the shares of in-
come due to his assignors:—.

Held, that the will gave to all the children an absolute and vested right to
each of his share of the income without reference to majority or other
condition, and without any limitation that payments were to be solely for
purposes of support, education, or maintenance.

Held, further, that the children took vested equitable estates for the life of the
mother, which estates were assignable, and hence the bill was properly
brought.

(2)  Wills.  Statute  of  Limitations.  Probate  Law.  Accounting.  Equity.
Trusts.

Where an estate was left to trustees, who were also executors, and it appeared
that by an arrangement between the creditors and the estate the debts had
been partially paid out of the income, which arrangement was intended to
continue, whereby the statutory period allowed for bringing suit had expired,
it would seem that the trustees should take the estate cum onere, and, the
whole estate thus being before the court for settlement, a bill in equity by
an assignee of a mortgage of a vested equitable interest in such estate
can be maintained for an accounting.

BILL IN EQUITY for an accounting on facts set forth in opin-
ion.  Heard on bill and answers.

(1)    STINESS, C. J.  The will of John McAuslan gave the residue
of his estate to the respondents as trustees, to pay to the widow
one full third of the income during life, "and the other two-
thirds to pay over and distribute equally for the support, edu-
cation, and advancement of all my children, said George and
John" (two of the trustees who were of age), "among them."

The complainant is assignee of a mortgage made by three of the children on their interest in the estate of the testator, and he brings this bill for an account of the income of the trust estate since December, 1903, and to compel the payment to him of the shares of income due to his assignors.

The respondents answer that there are no funds applicable to any payment to the complainant, because, they say, "said income or any part thereof is nowhere made payable to said William A. McAuslan, Harold L. McAuslan, and Frederick T. McAuslan, but that the trustees under said will stand charged with the duty of distributing two-thirds of the net income equally for the support, education, and advancement of all the children of the said John McAuslan," and that the payment here sought does not appear to be for their support, education, or advancement.

The respondents argue this case as though the will gave no vested rights in the income to the children, but merely constituted a discretionary power in the trustees to pay over what they may deem proper for the support, education, and advancement of the children.

The argument is without foundation. There is no suggestion anywhere in the will of the slightest discretion on the part of the trustees, and no direction as to what they shall do with the surplus, if the whole income is not needed, in their opinion, for support, education, and advancement. On the contrary, the direction of the will is positive that the trustees shall pay over to the widow one-third of the income of the trust estate, "and the other two-thirds to pay over and distribute equally for the support, education, and advancement of all my said children." This direction to pay over and distribute *equally* leaves no room for an inference of discretion. It gives to all the children an absolute and vested right to each of his share of the income, without reference to majority or other condition; and, upon the death of the widow, each child takes his full share of the estate, or his children if he has deceased. There is no gift over upon alienation or seizure for debts; no authority to pay over less than the full share of income; no limitation that payments of income are to be solely for the pur-

poses of support, education, or maintenance. Indeed, as these words are used in the will, it is difficult to conceive why, without more, they should have been used at all, unless it was to exempt a full payment during the minority of the children.

The argument of the trustees is not sustained by the cases cited by them. In *Stone* v. *Westcott*, 18 R. I. 685, express discretion was given to the trustee as to the amount the *cestuis que trust* should have. This was also the case in *King* v. *King*, 168 Ill. 273; *Brown* v. *Williamson*, 36 Pa. St. 338; *Wemyss* v. *White*, 159 Mass. 484; *Nickerson* v. *Van Horn*, 181 Mass. 562. In the other cases no vested interest was given to the beneficiary and discretion was necessarily implied, so that he had no attachable or enforceable interest.

The present case is substantially like *Peck* v. *Smith*, 16 R. I. 260; *Grundy* v. *Hadfield*, 16 R. I. 579; *Maynard* v. *Cleaves*, 149 Mass. 307; *Slattery* v. *Wason*, 151 Mass. 266.

We are, therefore, of opinion that the sons took vested equitable estates for the life of their mother. Such estates are assignable, and hence the assignee can maintain this bill. *Tillinghast* v. *Bradford*, 5 R. I. 205; *Staples* v. *D'Wolf*, 8 R. I. 74; *Mudge* v. *Hammill*, 21 R. I. 283.

(2)   There has been considerable argument in this case upon the question whether the respondents hold the property as executors or trustees. So far as the estate over the debts is concerned they are clearly trustees. Whether the creditors of the testator are barred because they did not sue the executors within the time prescribed by statute we can not decide in this case, because the creditors are not parties to this suit.

The testimony is not explicit upon this point, but it is stated generally that, by an arrangement " satisfactory to all parties," the debts have been partially paid out of the income of the estate, and this arrangement was intended to continue. If this be so, it would be but right, under Gen. Laws cap. 215, § 2, that the trustees should be held to take the estate *cum onere*, since the result to the *cestuis que trust* would be the same whether debts had been paid by the respondents as executors or trustees, and it would be grossly inequitable to allow the *cestuis* to profit by

a forbearance to bring a suit, for which they were in part responsible, either by agreement or acquiescence.

· Although the complainant says in his brief that the claims of creditors are barred, we understand him to mean simply that they are barred against the respondents in their capacity as executors and not as trustees, thus claiming that the whole estate is before the court for an accounting and settlement.

If we rightly interpret the complainant's position in this respect, he is entitled to an accounting; otherwise, the case will stand for further hearing. ·

*Edwards & Angell*, for complainant.
*Edward D. Bassett*, for respondents.