LOUISE E. PERABO *vs.* ANNA J. GALLAGHER & another.

Suffolk.   December 5, 1921. — April 12, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Restraint upon Alienation. Trust,* Validity, Spendthrift. *Equity Jurisdiction,* To reach and apply interest in trust fund.

No precise form of words is necessary to create a spendthrift trust.

A testatrix provided in her will that her estate should be divided among her five daughters equally "to be their absolute property, and free from the control of all persons whomsoever except as hereinafter provided." By a subsequent clause she provided that the shares of two of the daughters were to be held in trust for them for a term of ten years from the date of her death, that the trustee should have absolute and unqualified charge and control of their shares and that their shares should be "controlled, managed, sold, invested, or paid over to them in whatever manner, and at whatever times as" the trustee "shall in his discretion deem most advantageous and beneficial to them." A creditor of one of the two daughters before the expiration of the period of ten years, brought a bill in equity against her and the trustee, seeking to reach and apply her interest in the trust fund. *Held,* that

(1) The decennial limitation before the defendant legatee could come into possession of the corpus of her gift was valid;

(2) The defendant legatee could transfer her title to the principal at any time but could not thereby terminate the trust for her benefit;

(3) The intention of the testatrix to leave the defendant without any absolute right of alienation of income during the term of the trust was manifest;

(4) The defendant legatee had no interest in the income which could be assigned or reached by creditors.

In the above described suit by order of the trial judge a final decree was entered that, if the plaintiff's claim was not satisfied by the defendant within thirty days from the date of entry, a special master was to sell "all the right, title and interest, legal and equitable" which the defendant legatee had at the time the bill was filed. Upon appeal by the defendant it was *held* that the decree must be modified by limiting the decree to a sale of her right, title and interest in the principal and, when so modified, it was to be affirmed.

BILL IN EQUITY, filed in the Superior Court on November 29, 1919, to establish a debt for the care and custody of the defendant's son and to reach and apply in payment of the debt the interest of the defendant in a trust fund created by her mother's will, which is described in the opinion.

The suit was referred to a master who filed a report containing findings described in the opinion. The suit was heard upon a motion to confirm the master's report by *Sisk*, J., who allowed the motion by consent and ordered a final decree entered that the defendant pay to the plaintiff the sum of $585.85 with costs in the amount of $23.97 and that in default of such payment within thirty days a special master, thereby appointed, should sell "all the right, title and interest, legal and equitable," which the defendant had in her mother's estate at the time the bill was filed. The defendant appealed.

*C. H. Donahue,* for the defendant, Anna J. Gallagher.

*J. M. Graham,* for the plaintiff.

BRALEY, J. The will of Barbara M. Smith devised and bequeathed to her five daughters, among whom was Anna J. Hergt, now by marriage the defendant Anna J. Gallagher, "all the real and personal estate . . . of which I may, at the time of my decease, be seized possessed of, or entitled to, equally, share and share alike to be their absolute property, and free from the control of all persons whomsoever except as hereinafter provided.

"In the event of the death of any of my said daughters prior to my decease, then I give, devise and bequeath to the issue of any such daughter, equally, share and share alike, the share of my estate which the mother of such issue would have received had she survived me; and in the event of any of my daughters dying before me, and leaving no issue, then I give, devise and bequeath the share of my estate which such daughter would have received, had she survived me, to my surviving daughters and to the issue of any deceased daughter equally, share and share alike.

"It is my desire, and I hereby direct that the legacies of my said daughters, Emma Inman and Anna J. Hergt, be held in trust for them for the term of ten (10) years from the date of my decease, and for that purpose I do hereby appoint John F. McDonald of said Boston, trustee for my said daughters, Emma Inman and Anna J. Hergt, to have and to hold all property, both real and personal, which they may be entitled to under the terms of this will for the term of ten (10) years from the date of my decease, or for such further term as may be necessary for him to settle his accounts as such trustee.

"I hereby give unto the said John F. McDonald, trustee, aforesaid, absolute and unqualified charge and control of all the property, both real and personal, which my said daughters, Emma Inman and Anna J. Hergt, shall receive under the terms of this will, to be controlled, managed, sold, invested, or paid over to them in whatever manner, and at whatever times as he shall in his discretion deem most advantageous and beneficial to them."

The master reports that when the bill was filed the defendant trustee had in his possession a fund held for Anna J. Gallagher more than sufficient to satisfy the plaintiff's debt. But the testatrix died on August 31, 1911, and, suit having been brought on November 29, 1919, the question is whether the fund can be reached and applied before the expiration of the period of ten years. The answer depends upon the construction of the will. If the testatrix had expressly said that the income was to be paid to the beneficiary upon her order or receipt in writing free from the interference or control of her creditors and never by way of anticipation or assignment, it could not be levied upon by the plaintiff. *Boston Safe Deposit & Trust Co.* v. *Collier,* 222 Mass. 390, and cases there collected and reviewed. But no precise form of words is necessary to create a spendthrift trust. *Baker* v. *Brown,* 146 Mass. 369, 371. *Slattery* v. *Wason,* 151 Mass. 266. *Wemyss* v. *White,* 159 Mass. 484, 485. *Huntress* v. *Allen,* 195 Mass. 226. *Berry* v. *Dunham,* 202 Mass. 133, 140. The intention of the testatrix which must control is to be ascertained from the wording of the whole paragraph. *Nickerson* v. *Van Horn,* 181 Mass. 562, 563. It is first stated that the bequest or share is to be the property of the legatee "free from the control of all persons whomsoever except as hereinafter provided," and then follows the provisions that

the share is to be held in trust for a period of ten years, during which the trustee is given absolute and unqualified charge and control of all the property which the defendant in common with her sister Emma Inman received "to be controlled, managed, sold, invested, or paid over to them in whatever manner, and at whatever times as he shall in his discretion deem most advantageous and beneficial to them." The testatrix could dispose of her property as she pleased. The decennial limitation before the legatee could come into possession of the *corpus* of the gift was valid, and she could transfer her title to the principal at any time but could not thereby terminate the trust created for her benefit. *Cushman v. Arnold,* 185 Mass. 165, 169. *Security Bank of New York v. Callahan,* 220 Mass. 84, 87. *Boston Safe Deposit & Trust Co. v. Collier,* 222 Mass. 390. *Wright v. Blinn,* 225 Mass. 146.

We are of opinion that the intention of the testatrix to leave the defendant Anna J. Gallagher without any absolute right of alienation of income during the term of the trust is manifest. The defendant trustee had the power to withhold the income in his discretion and apply the whole or such portion as he saw fit for the benefit of Anna J. Hergt, and she has no interest in the income which can be assigned or reached by creditors. *Nickerson v. Van Horn, supra. Berry v. Dunham, supra. Endicott v. University of Virginia,* 182 Mass. 156, is plainly distinguishable.

It follows that the decree which provides that if the plaintiff's claim is not satisfied by the defendant within thirty days from the date of entry a special master is to sell "all the right, title and interest, legal and equitable, which the said Anna J. Gallagher had, at the time of the filing the complaint . . ." must be modified by limiting the decree to a sale of her right, title and interest in the principal, and when so modified, it is affirmed, with costs to the defendant of the appeal.

*Ordered accordingly.*