CASE 49—PETITION EQUITY—JULY 15.

## Savings Bank of Cincinnati vs. Benton.

APPEAL FROM KENTON CIRCUIT COURT.

1. A citizen of another State, sued in a circuit court of this State, who desires to obtain a removal of the cause to the circuit court of the United States for the district of Kentucky, must file a petition for its removal at the time he enters his appearance to the action, and the petition must allege that the plaintiff was a citizen of this State at the commencement of the action. His failure to do so at the proper time must be regarded as a waiver of the right to remove the cause from the court in which it is pending.

2. Where, in an action pending in equity, the only issue made by the pleadings was as to the liability of the defendant to the plaintiff for the demand asserted by the latter, and the extent of such liability, if it existed, which was transferred to the common law docket to be tried by a jury, the order on the subject, to the effect that the issue raised by the pleadings was to be tried by a jury, is sufficiently explicit.

3. Upon the trial by a jury of an issue out of equity, oral testimony is always admissible. Depositions may be used unless the court otherwise directs, in which case oral testimony alone will be admissible. (*Civil Code, sec.* 613.)

4. If B. is employed by one defendant to a suit to act as counsel for him, and also for another defendant, of which the latter was apprised, but who had counsel of his own employment, and had not employed B., although the services of B. may have been beneficial to such other defendant, and received and accepted by him, yet he would not, thereby, incur any liability to pay for them; otherwise, if he was apprised that he was looked to by B. for compensation for his services, and afterwards received them, without informing him that he would not pay for them.

5. The president of a bank, being its chief executive officer, has a right as such to appear and answer for it and employ counsel for its defense.

This suit was brought in the Kenton circuit court by Benton to recover of the Savings Bank of Cincinnati $3,500 for professional services alleged to have been rendered by him as counsel for the bank. A verdict and judgment for $2,750 having been rendered in his favor, this appeal is prosecuted by the bank.

J. P. HARRISON, for appellant, cited 2 *Litt.*, 256; 3 *Ib.*, 272; 1 *J. J. Mar.*, 233; 12 *John. R.*, 154; 4 *John. Ch. C.*, 98; *Pr. Dec.*, 188; 3 *Mar.*, 183; *Civil Code, sec.* 613; 2 *Barb. Chancery Prac.*, 498; 6 *Mon.*, 413; 1 *Bibb*, 327; 3 *J. J. Marsh.*, 692; 9 *Johnson*, 142; 3 *Barb. Sup. Ct. Rep.*, 64; 7 *Wendell*, 33; 8 *Pick.*, 178; 2 *Mason*, 31; 2 *Starkie's Ev.*, 33; 7 *J. J. Mar.*, 429; 1 *Bibb*, 326; 5 *Conn. R.*, 355; *Wright's Rep.*, 485; 6 *Watts & Serg.*, 222; 4 *Litt.*, 416; 1 *B. Mon.*, 97.

HARRIS and BENTON & NIXON for appellee.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

The first question that arises in this case relates to the correctness of the decision of the court below in overruling the appellant's application for a removal of the cause to the circuit court of the United States for the district of Kentucky.

The petition which was filed to obtain a removal of the cause, did not set forth facts sufficient to authorize its removal under the 12th section of the judiciary act of 1789. It failed to state that the plaintiff in the action was a citizen of this State, and unless that fact appeared, the act of congress did not authorize the court to remove it to the circuit court of the United States for the district of Kentucky.

As the defendant is required by the act of congress to file a petition for the removal of the cause at the time he enters his

appearance, he cannot do it at any subsequent stage of the proceedings; and his failure to do it at the proper time must be regarded as a waiver of the right to remove the cause from the court in which it is pending.   It may be, therefore, somewhat questionable whether, after having filed an insufficient petition, and having failed to make out proper grounds to authorize a removal of the cause, and the application having, for that reason, been overruled, the defendant had a right to file an amended petition, and renew the application for the removal of the cause.   But admitting the existence of such a right, the amended petition was also defective.   It contained a statement, it is true, that the plaintiff in the action was at that time a citizen of this State, but it did not allege that he was a citizen of this State at the *commencement* of the action.   The act of congress provides that if a suit be *commenced* in any State court by a citizen of the State in which the suit is brought, against a citizen of another State, the latter may make an application for its removal to the circuit court of the United States.   The case which is contemplated and provided for by the act was not shown to exist, and consequently the court below did not err in overruling the defendant's application.

The action had been pending upwards of two months before an appearance was entered by the appellant, and the fact that the plaintiff in the action was then a citizen of this State, did not authorize the presumption that he had been a citizen of this State two months previously at the time the action was commenced.   Nor is there any thing in the argument that the circuit judge had a personal knowledge that the plaintiff was a citizen of this State at the commencement of the action. The court was bound to act alone upon the facts that appeared in the record, and had no right to consider any matter which did not appear there, except such as it might judicially know and take cognizance of; and the citizenship of the plaintiff was very clearly not a matter of that kind ; so that, upon every view of the question, the decision of the court below was manifestly proper.

As the action was pending in equity, the issue made by the pleadings as to the liability of the defendant to the plaintiff for

the demand asserted by the latter, and the extent of such liability, if it existed, was transferred to the common law docket to be tried by a jury.

The order on this subject, to the effect that the issue raised by the pleadings was to be tried by a jury, was sufficiently explicit. The only issue between the parties presented by the pleadings was that above mentioned, and, consequently, the matters which the jury were to try, could not have been misunderstood. In the trial of such issues, oral testimony is always admitted, and it was peculiarly proper in this case, inasmuch as the depositions of the witnesses who were examined by the plaintiff on the trial, had been excepted to by the defendant on various grounds. The 613 section of the Civil Code relates to the admissibility of depositions on the trial of such issues, and not to the admissibility of oral testimony. It merely provides that depositions may be used unless the court otherwise *directs*. The *direction* by the court here referred to relates to the use of depositions on the trial of such issues, and not to the use of oral testimony. Depositions *may* be used unless the court otherwise *directs*, in which case oral testimony alone will be admissible. The court below did not, therefore, err in permitting the use of oral testimony on the trial of the issue.

We are thus brought to a consideration of the merits of the case, as developed by the testimony and the law applicable thereto. And we would here remark, that if it be true, as the testimony conduces to prove the fact to be, that the appellee was employed by Sandford to act as counsel for him, and also for the Savings Bank, of which the latter was apprised, and that he was not employed by the Savings Bank as counsel in the suit, then no inference could arise that the Savings Bank was to pay him for his services, although it may have known that the services were rendered, and may have received the benefit of them.

This obvious principle of law was to some extent disregarded in the second instruction which was given by the court, at the instance of the plaintiff in the action. They were told in that instruction that if the plaintiff rendered services in the suits, and such services were received and accepted by the defendant,

the jury should find for the plaintiff what his services were reasonably worth, unless the plaintiff was employed only by Sandford, and *looked alone* to him for pay for the services he rendered.

The qualification to this instruction was not such as it should have been, in view of the testimony that was before the jury. It was wholly immaterial whether the plaintiff looked alone to Sandford for pay for his services or not; for if he were not employed by the defendant, and the defendant had been apprised that he was employed by Sandford, then no presumption could arise that the services were accepted by the bank with any expectation that they were to be paid for by it, in the absence of all proof to show that such was the fact. According to this instruction, however, the bank was liable for the services, unless the jury believed not only that the plaintiff had been employed by Sandford, and not by the bank, but also that the plaintiff *looked alone* to Sandford for pay for his services, thus making the liability of the defendant to depend upon the plaintiff himself, without any regard to the understanding of the bank on the subject.

The testimony of Sanders and Park was not impeached. It was positive and unequivocal, and did not authorize the instruction in the form it was given.

The whole law of the case may be expressed in a very few words. The president of the bank, being its chief executive officer, had a right as such to appear and answer for it, and employ counsel for its defense. If it had counsel of its own employed, and the plaintiff had not been employed by it, but had been employed only by Sandford, and the bank, through its president, knew of that employment, then, although the plaintiff's services may have been beneficial to the bank, and received and accepted by it, yet it would not thereby incur any liability to pay for them. To impose such a liability upon it, under the circumstances of the case, it must have been apprised that it was looked to by the plaintiff for compensation for his services, and afterwards received them, without informing him that it would not pay for them.

For the error in the second instruction given at the instance of the plaintiff, the judgment must be reversed. The appel-

lant asked for numerous instructions which were refused by the court, many of which, as it might be expected when so many were asked for, were improper, and some of them wholly inapplicable to the case before the jury. We do not deem it necessary to examine them in detail. The court below, by making its instructions conform to the law, as herein expounded, can have the whole case presented to the jury in proper form upon the next trial.

Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.