CHARLES B. JONES, Admr., *c. t. a., vs.* PROBATE COURT OF EAST GREENWICH.

NATHANIEL G. HENDRICK, Appt., *vs.* PROBATE COURT OF EAST GREENWICH.

PROVIDENCE—JULY 17, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Probate Law. Promissory Notes. Husband and Wife.*

A. and his wife B. loaned to C. six hundred dollars, and took a note, payable to "A. or B." A. furnished $500 of the sum advanced, and B. $100. C. paid $200 on account of the note to B. in her lifetime, and after her death $300 was paid to A.:—

*Held,* that, as between A. and B., it was competent for either of them to show the true state of facts relating to the loan, and it was error for the Probate Court to charge A., as administrator of B., with any part of the sum received by him on the note.

(2) *Husband and Wife. Communications Between Them.*

Under Gen. Laws cap. 244, § 37, preventing a husband or wife disclosing any communications between them during their marriage, the husband, after the decease of the wife, cannot testify as to any agreements between himself and his wife with reference to business relations between them, and a claim against the estate of the wife by the husband, based wholly upon such testimony, is properly disallowed.

(3) *Probate Law and Practice. Trusts. Equitable Conversion. Rents.*

A. and B., husband and wife, were tenants in common of certain real estate.

B. by will directed her executor "as soon after my decease as he can conveniently do so, to sell my interest in the estate, and to divide the fund" among certain persons.

The administrator, c. t. a., collected the rents of the estate. Upon the question of charging the administrator with one-half of such rents:—

Held, that the direction to sell amounted to an equitable conversion of the real estate into personalty and impressed it with a trust in favor of the beneficiaries.

Held, further, that in this State the Probate Court has nothing to do with the real estate or the rents of real estate of a decedent until the proper steps have been taken to place such 'property in the hands of the executor or administrator for the purpose of settling the estate, except as may be directed by the will.

Held, further, that the administrator held the rents as trustee for the beneficiaries and not as administrator, and hence was not chargeable therefor.

PROBATE APPEAL from verdict of a jury.

TILLINGHAST, J.    The above-entitled cases are appeals from the decree of the Probate Court of East Greenwich, entered in the matter of the estate of W. Anna Jones, late of said East Greenwich, deceased, and involve the allowance of the account of Charles B. Jones, Admr., c. t. a., by said Probate Court. By agreement of parties the cases were tried together in the Common Pleas Division.

The material facts in the first named case are substantially as follows:

W. Anna Jones died June 25, 1899, leaving a last will and testament which was duly admitted to probate, and Charles B. Jones, her husband, was appointed administrator with the will annexed, of her estate, the executor named in the will having renounced the trust conferred upon him.   Mr. Jones duly qualified as such administrator, and entered upon the execution of his trust.

Mrs. Jones left both real and personal estate, disposing of the same by her will, a copy of which is on file with the papers and will be more particularly referred to hereafter.

The real estate of the testatrix consisted of an undivided half interest in two parcels of land, one of which is known as the "Homestead Estate," and the other being known as the "Tillinghast Estate," and are both located in the village of

East Greenwich. The other moiety of said estates belongs to her husband, said Charles B. Jones, the deeds thereof standing in their joint names.

The first account which Charles B. Jones, administrator, *c. t. a.*, of the estate of W. Anna Jones, presented to the Probate Court of East Greenwich for allowance was amended by order of said court in the following particulars, viz.: first, by adding to the inventory one-half of the amount paid by Charles G. Hendrick on mortgage note, $191.12; and second, by charging him with "money found in shoe, $40.00;" which sums, together with the sum of $343.03, which he admitted to be in his hands under the inventory, amount to the sum of $574.15.

Said account was also amended by the Probate Court by striking out and disallowing the item of $1,512.50 paid to Charles B. Jones.

The changes thus made in his account as administrator constitute the basis of his appeal in the case now before us.

(1)    In support of his claim that said sum of $191.12 should not be charged to him, he offered evidence to the effect that he and his wife, W. Anna Jones, loaned to Charles G. Hendrick, who was a brother of his said wife, the sum of $600.00 on January 17, 1894, and took a note therefor, payable one year after date "to Charles B. Jones or W. Anna Jones;" that he, said Charles B. Jones, furnished $500.00 of the money thus advanced, and that his wife furnished $100.00 thereof. It further appears that the sum of $200.00 was paid on said note to Mrs. Jones during her lifetime by Hendrick, and that, after the death of his (Jones's) wife, the sum of $300.00 was paid to him on said note, the balance of $100.00 having been retained by said Hendrick at his request, and by agreement with the administrator, he saying to the administrator that "that would be so much towards his dowry out of his sister's estate." That is to say, the evidence shows that Hendrick paid the plaintiff $300.00 and kept back the remaining $100.00 with the understanding aforesaid.

As the case stands, then, it appears that out of the $500.00

which Mr. Jones advanced on said note he has received back only $300.00.

Under this state of facts, we fail to see how he can properly be charged with any part of this sum in his account as administrator; for, as between him and his wife's estate, he has not only not received anything which properly belongs to the estate, but has apparently allowed said estate the benefit of $200.00 which belonged to him.

Of course, as between the maker and the payees of said note, either one of said payees could properly have received the full amount thereof, and given a good discharge to the maker. But, as between said payees, while perhaps *prima facie* they would each be entitled to one-half part thereof, yet it was clearly competent for one of them to show that the larger part, or even the whole amount thereof, was advanced by him or her, and to settle their individual accounts accordingly.

We are therefore of the opinion that said Probate Court had no right to charge the administrator with any part of the amount received by him on said note, and also that it was error on the part of the presiding justice in this case to direct the jury to charge the administrator with any part of the amount collected on said note.

(2)     As to the disallowance by the Probate Court of the item of $1,512.50 charged by the administrator against the estate of his wife in his own favor, we think the action of the Probate Court was right; and also that the ruling of the presiding justice in this case, in directing the jury to disallow said item, was correct.

The claim of the administrator that said amount is due to him out of his wife's estate is based wholly upon an alleged agreement or understanding between him and his wife relative to the purchase of the two estates hereinbefore referred to, and the amount that each advanced in the purchase thereof and in the construction and erection of certain buildings and improvements thereon. At the trial of the case he attempted to show the various agreements which he claimed to have made with his wife relating to said real estate, in order to

sustain his claim that his wife was indebted to him at the time of her decease on account thereof; but was not allowed to do so, on the ground that all the testimony offered consisted of communications between him and his wife, and hence were not admissible in evidence.

This ruling was clearly right under the well-settled law of this State as declared in *Campbell* v. *Chace*, 12 R. I. 333, and *Robinson* v. *Robinson*, 22 R. I. 121.

There being no evidence, therefore, in support of his claim against the estate of his wife, the court properly directed the jury that said item of $1,512.50, charged by him against said estate, should be disallowed in his account.-

In addition to the fact that the evidence offered was incompetent to sustain the claim of the administrator last considered, it is proper to say that at the time when the alleged contract or agreement was made a married woman was incompetent to make such a contract; and hence, even if it were made as claimed, it was a nullity and not enforceable.

As to the item of $40.00 which the husband found in his wife's shoe after her death, which item the Probate Court directed should be charged against him, there is evidence from which the jury might properly find that this money in fact belonged to him; and hence their finding in his favor as to the ownership of this amount should not be disturbed.

We come now to the consideration of the second case, namely, that of *Nathaniel G. Hendrick* v. *The Probate Court of East Greenwich*, the facts of which are as follows, viz.: After the death of Mrs. Jones, her husband, who is the administrator, *c. t. a.*, of her estate, collected the rents of said Tillinghast estate, amounting to the sum of $280; and it is claimed by said Hendrick that one-half of this amount should be charged to said administrator in his account. In his reasons of appeal Hendrick alleges that said Probate Court passed a decree refusing to charge the administrator with the income of one undivided half of said Tillinghast estate from the date of the death of said W. Anna Jones to the date of filing said first account, and that he, being aggrieved by said decree, appeals therefrom.

Although an examination of the record before us fails to show that any request was made to the Probate Court in the premises, and also fails to show that any action was taken by said court regarding the matter of the rents in question, yet, as this item was treated by all parties concerned as being properly in the case at the trial in the Common Pleas Division, we will regard it as being rightly before us for consideration.

The said Tillinghast estate, as before stated, was owned by Mr. and Mrs. Jones as tenants in common, and the latter, by the twenty-fifth clause of her will, disposed of her interest therein as follows: "I direct my executor hereinafter named, as soon after my decease as he can conveniently do so, to sell, at public or private sale, as he may deem best, my interest in the estate known as the Tillinghast estate, in the village of East Greenwich aforesaid, next south of the premises where I now live, and to pay over and divide the fund arising from said sale to and among the following named persons, in the proportions specified, to wit:" Then follows a list of the persons amongst whom said fund is to be divided.

The only question presented for our decision in this case is whether the administrator, as such, is properly chargeable with one-half of the rents collected from said estate as aforesaid. If the rents constitute a portion of the personal estate of the testatrix, of course they are properly chargeable to him in his account; but if they do not, then they are not so chargeable.

At the trial of the case the court directed the jury to find that the amount of $140, this being one-half of the amount of rent collected, should be charged against Mr. Jones and be accounted for by him; and they accordingly so found.

We think this instruction was error. Under the will of Mrs. Jones, as we construe it, the entire beneficial ownership of the real estate devised by virtue of said twenty-fifth clause thereof passed immediately to the persons named as beneficiaries; and hence, whatever rents were collected belonged to them. The direction to sell contained in said clause amounted in effect to an equitable conversion of said real estate into personalty, and impressed it with a trust in favor of said

beneficiaries. And the mere fact that the real estate was not immediately converted into personalty did not have the effect to deprive the beneficiaries of any part of said property. The duty of the administrator, *c. t. a.*, under said clause was to convert said real estate into personalty as soon as he could conveniently do so after the death of the testatrix, and distribute the proceeds of such sale as directed. This direction impressed a trust upon the land and specified who should execute said trust. The power of sale given in said clause was not a naked power, but was coupled with a trust which required the execution of the power as soon as might be. And, in powers which are in the nature of trusts, as said by the court in *Greenough* v. *Welles*, 10 Cush. 576, "the right and interests of third parties who are beneficially interested in the trusts which arise and grow out of the execution of the power, come in and can be enforced as against the party to whom the power is given. . . . When a trust is to be effected by the execution of a power, then the trust and power become blended and binding upon the donee of the power. The most familiar instance given in the books of such a union is the case where a power is given by a will to sell an estate, with direction to apply the proceeds upon a trust." See *Gibbs* v. *Marsh*, 2 *Met.* 243.

In *Leeds, Exr.*, v. *Wakefield*, 10 Gray, 517, Shaw, C. J., says: "As a general rule, one clothed with a mere naked power, may execute the power or not, at his own will; but one invested with a power to which a trust is annexed, is bound in equity, as in other cases of trust, to execute the power, in order that the equitable rights of those who are stated as the objects of the testator's bounty under such trusts, may have the enjoyment of the benefits intended for them."

The doctrine that in equity the beneficial interest in property is the controlling and real interest, and also that where under a devise an estate is to be sold and the proceeds divided among designated parties such direction amounts to an equitable conversion of the estate into personalty, was fully elaborated by Stiness, J., in delivering the opinion of this court in *Van Zandt* v. *Garretson*, 21 R. I. 418. See also

*Newport Water Works* v. *Sisson,* 18 R. I. 411. And while it is true that the proceeding before us is not technically an equitable one, yet, for the purpose of determining as to the rights of the parties relating to said rents, we see no reason why said doctrine should not be applied. Moreover, it is well-settled law in this State that a Probate Court has nothing to do with the real estate, or the rents of real estate, of a deceased person until the proper legal steps have been taken to place such property in the hands of the executor or administrator for the necessary purpose of settling the estate. That is to say, until the personal property of a decedent is exhausted in the payment of debts and legacies, neither the executor, the administrator, nor the Probate Court has anything to do with the real estate or the income thereof, except as may be directed by the will, if there be a will. As said by Matteson, C. J., in *Grinnell* v. *Baker,* 17 R. I. p. 49: "The ordinary powers and duties of an executor are: To take possession of the goods and chattels of the testator; to collect the debts due to him; to sell the goods and chattels, so far as may be necessary for the payment of the testator's debts and the pecuniary legacies and expenses of administration; and to distribute the residue of the assets among the persons entitled to them under the provisions of the will. If to these ordinary powers and duties there is superadded the power and duty to invest portions of the testator's estate and to pay over the income, such power and duty, being appropriate to the office of a trustee rather than of an executor, are held to constitute a trust, and the executor in executing them is regarded as a trustee and not as executor."

Applying this rule to the case now under consideration, it clearly appears that said Charles B. Jones, administrator, *c. t. a.,* held the rents in question as trustee for said beneficiaries, and not as administrator, *c. t. a.,* and hence it follows that he is not chargeable therefor in his account as such administrator.

The exception taken to the ruling of the presiding justice, relating to said item of rent, must therefore be sustained.

Many other exceptions were taken during the trial, but as

what we have thus said covers all the material points raised by said exceptions, we do not find it necessary to consider them separately.

As the conclusions to which we have thus arrived in the cases before us would be controlling if a new trial were to be granted as prayed, and as there is no dispute about the facts upon which said conclusions are based, we see no occasion for granting a new trial. We therefore remand the cases to the Common Pleas Division, with direction to enter a decree in each of said cases amending the administrator's account in accordance with this opinion, and to transmit to said Probate Court a certified copy of such decrees for record.

*George T. Brown and Job S. Carpenter*, for appellant in Ex. 3, 172, and for appellee in Ex. 3, 173.

*Samuel W. K. Allen*, for appellant in Ex. 3, 173, and for appellee in Ex. 3, 172.