SARAH S. WOODWARD *vs.* CHARLES J. DAIN et al., Trustees.

Sagadahoc County. Decided January 20, 1913. This case in equity is before this court on an appeal from the final decree of the sitting Justice.

In the third paragraph of his will Charles F. Rideout, late of Bath, Maine, provided as follows:

"I do hereby expressly declare and direct that, in case my sister Sarah S. Woodward at any time falls into distress or is actually in need of financial assistance, my Executors shall furnish and provide for her out of my residuary estate such sum or sums as may be actually necessary for her support."

By a decree of the Supreme Judicial Court of this State, dated August 18, 1909, it was decreed that "out of said residuary estate the trustees shall forthwith provide the said Sarah S. Woodward such sum or sums as may be actually necessary for her support in accordance with the provisions of the third paragraph of said will."

In this bill in equity now before the court Mrs. Woodward complains that under the decree referred to the trustees have fixed upon the sum of three dollars and a half per week to be paid to her, which sum she claims is inadequate for her actual necessary support, and she asks that the trustees may be ordered to pay her a

larger sum per week, and also to pay certain bills which she has contracted for her necessary support and which she is unable to pay.

The sitting Justice, hearing the same, ruled in substance and effect that the provisions of the third paragraph of the will of Mr. Rideout created a trust in the residuary estate for the necessary support of Mrs. Woodward as therein specified, which trust was superior to the interest of the life tenant in said residuary estate; and that although the testator vested in the trustees the discretion to determine the amount of the payments to be made to Mrs. Woodward, yet, where is appears that the trustees have not properly exercised that discretion, either from lack of good faith or because of a misconception of the legal scope of the trust and of their duties thereunder, the court has jurisdiction to interfere.

And he found as a fact that the trustees had "in some respects misconceived their duties," and that they had failed to furnish and provide for Mrs. Woodward such sums as were reasonably adequate for her actual necessary support. Whereupon, he ordered, adjudged and decreed as follows:

1. That the trustees shall pay to the complainant out of the residuary estate of Charles F. Rideout, monthly, from and after the date of this decree not less than twenty dollars a month, which sum is adjudged to be actually necessary for her support, and shall from time to time pay such further sum as her actual necessities shall require.

2. That the trustees shall forthwith pay to the complainant out of said residuary estate the sum of thirty dollars for medical expenses already incurred.

3. That the residuary estate shall bear the costs and expenses of this proceeding to this extent: The trustees shall pay to the complainant's solicitor the taxable costs, together with a solicitor's fee of forty dollars and charge the same in their account.

*Held:*

1. The sitting Justice correctly construed the provisions of the third paragraph of the will of Charles F. Rideout as creating a trust in the residuary estate for the actual necessary support of the complainant, which was superior to the interest of the life tenant therein.

2. His ruling was appropriate and correct, that when trustees, who are vested with the exercise of a discretion, fail to properly exercise that discretion either from lack of good faith or because of a misunderstanding of the scope of the trust and their powers and duties therein, a court of equity has jurisdiction to interfere and give directions to the end that the trust may be properly carried out.

3. The decision of the sitting Justice, as to matters of fact, will not be reversed unless it clearly appears that such decision is erroneous. It does not so appear in this case; on the other hand, his findings of fact appear to be fully supported by the evidence, and his conclusion and judgment just and reasonable. Decree below affirmed with costs. *George W. Heselton,* for plaintiff. *E C. Plummer,* for defendant.