WILLIAM H. THURBER et al. vs. EDMUND GORHAM THURBER et al.

FEBRUARY 4, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Trusts. Vested Estate. Review of Acts of Trustee.*

Bequest to trustees to collect income and "use and appropriate the same or so much thereof as may be necessary to the care, maintenance and support of my son and for and during his natural life, it being my will and intention that the income of said trust estate shall be used and appropriated solely for the benefit of my said son, personally so long as he shall live and in no case for the support or benefit of any wife or child of my said son, and upon the further trust, upon the death of my said son to convey, transfer and pay over all said trust estate then in their hands and possession in equal shares to "two sons and two daughters" or to the children of any of my said sons or daughters who may have deceased, in equal shares discharged of said trust."

*Held*, that testatrix intended the measure of her bounty in favor of her son should be his necessities and not the amount of the income of the trust fund, and the beneficiary did not have a vested estate for life in the entire income. Distinguishing *Tillinghast* v. *Bradford*, 5 R. I. 205.

*Held*, further, that after the death of the beneficiary the right of his estate would be no greater than his own right during life.

*Held*, further, that accumulations of income in the hands of the trustee at death of beneficiary would go with the *corpus* of the trust, for while not explicitly so provided, in the will, such intention would be implied.

*Held*, further, that the amount necessary for the maintenance of the beneficiary was a question of fact and the judgment of the trustee upon the facts was subject to review and if a question was raised as to the sufficiency of the appropriation a court of equity would direct an inquiry.

BILL IN EQUITY for construction of will.

SWEETLAND, C. J.   This is a suit in equity by the trustees under the will of Lydia L. Thurber praying for a construction of certain provisions of said will and for instructions relative to the same.   In the Superior Court the cause, being ready for hearing for final decree, was certified to this court for determination.

The following facts appear in proof.   The testatrix, Lydia L. Thurber, died in 1905.   Her will, dated May 7, 1897, together with a codicil dated July 20, 1901, was probated before the Municipal Court of Providence.   One of her sons, Edmund G. Thurber, in 1892, was adjudged insane by a justice of the Supreme Court and committed to the Butler Hospital for the Insane from which hospital he has never been discharged as restored to soundness of mind.   He was, however, permitted upon the orders of a justice of this court from time to time to go at large.   Later he departed from the State and remained away for a long period contrary to the terms of his parole;   and at the request of said Butler Hospital he was discharged from commitment at said hospital by the order of a justice of this court.   He is now at large.   Prior to his commitment to the Butler Hospital Edmund inherited certain property from his father upon the death of the latter.   Such of his independent estate as has not been expended is now under the control of the Rhode Island Hospital Trust Company as guardian of his estate.   After Edmund was adjudged insane and before the execution of his mother's will he married and had one son as the issue of said marriage.   His wife and son, the son being now of full age, are both alive.   Said testatrix by her will and codicil gave, devised and bequeathed to each of her two daughters and to each of her sons William H. Thurber and Dexter Thurber, respectively, one-fifth part of her residuary estate, the remaining one-fifth part she gave, devised and bequeathed to said William H. and Dexter Thurber in trust.   It is in regard to the clause

of her will creating said trust that the trustees ask instruction and direction. The provisions of the will with reference to the trust so far as they are material to the questions before us, are as follows: "That said trustees shall hold, stand seized and possessed of said trust estate and property and shall collect and receive the rents, dividends, income and profits thereof as they shall accrue and after the payment therefrom of the expenses of administering said trust shall use and appropriate the same or so much thereof as may be necessary to the care, maintenance and support of my son Edmund G. Thurber for and during his natural life, it being my will and intention that the income of said trust estate shall be used and appropriated solely for the benefit of my said son Edmund personally so long as he shall live, and in no case for the support or benefit of any wife or child of my said son, and upon the further trust upon the death of my said son Edmund to convey, transfer and pay over all said trust estate then in their hands and possession in equal shares to my said daughters, Nettie Thurber Sprague and Alice Thurber, and my said sons William H. Thurber and Dexter Thurber, or to the children of any of my said sons or daughters who may have deceased, in equal shares, discharged of said trust."

In the execution of said trust the said trustees have appropriated some but not all of the net income of said trust estate as it accrued for the care, maintenance and support of said Edmund. The Rhode Island Hospital Trust Company, guardian as aforesaid, now claims that under said trust Edmund G. Thurber is given a vested equitable life estate in the income of the *corpus* of the trust and said trust company has demanded of said trustees that they pay to it as guardian of the beneficiary all of the net income of said trust estate and any accumulations of income now in their hands. Because of this claim of the trust company the trustees have filed this bill asking for instructions as to their duty under said clause of the will.

. The claim of the guardian is apparently based upon what it urges was the intention of the testatrix expressed in the language, "it being my will and intention that the income of said trust estate shall be used and appropriated solely for the benefit of my said son Edmund personally so long as he shall live." If that was the only expression of the testatrix's intent the claim of the guardian would be entitled to much weight. The clause however must be construed not from an examination of a single expression apart from the context. The object of the testatrix should be sought from the language of the clause as a whole. The expression upon which the guardian relies is immediately preceded by the direction that the trustees shall use and appropriate the income "or so much thereof as may be necessary to the care, maintenance and support" of the beneficiary; and said expression is immediately followed by the provision "and in no case for the support or benefit of any wife or child of my said son.". As to the phrase "or so much thereof as may be necessary" the argument of the guardian is that as this language does not give to the trustees absolute and uncontrolled discretion in using the income for the benefit of Edmund and as there is no express gift over of accumulation of unused income the phrase should be disregarded and held to have no effect in limiting the provision for the benefit of Edmund. As to the provision precluding the use of any portion of said income for the support of Edmund's wife and son the guardian urges that such provision is against public policy and is invalid. The cardinal rule to be applied in the construction of wills is that the purpose of the testator should be found if possible and that purpose should be given effect if compatible with established rules of law. The guardian would have us find a vested equitable life estate by disregarding provisions in the will which might aid us in determining the extent of the interest which the testatrix intended to give; and having thus established the gift of a vested estate the guardian would then have us declare invalid such provisions, as appear to limit the gift, on the ·

ground that they are inconsistent with an equitable life estate. We cannot accept the conclusion of the guardian (1) reached in this manner. The testatrix plainly intended that the measure of her bounty in favor of Edmund should be his necessities and not the amount of the income of the trust fund. She contemplated that all the income might not be appropriated for his use and provided that less than the whole should be used for his benefit, unless his necessary care, maintenance and support should require all. Such portion as is not needed for that purpose she clearly withholds from his use. This purpose is inconsistent with an intent to give to the *cestui que trust* a vested estate for life in the entire income. The purpose of the testatrix expressed in this clause of the will is that the trustees shall use only so much of the income of the trust fund as shall be required for the care, maintenance and support of Edmund during his life. That her meaning may be plain that none of said income shall be appropriated beyond the amount necessary for that purpose she adds that it is her intention that the income, which in accordance with the provision immediately preceding must be limited in amount to that portion which is necessary for the purpose, shall be appropriated solely for the personal benefit of Edmund; and to further emphasize her intention that none of said income shall be used save for Edmund's personal maintenance she adds "and in no case for the support or benefit of any wife or child of my said son." There is the suggestion that the testatrix was unfriendly to the wife of Edmund, but the animus of the testatrix will not affect the validity of the restriction and whatever may have induced the intention the purpose is plain, to restrict the appropriation of income within the amount necessary for the support of her son. With such purpose strongly in her mind she may well have desired to prevent the possibility that the phrase "care, maintenance and support of my son" should receive a construction broad enough to include the support of his wife and child. This construction has at times been given to somewhat similar

provisions. *Gardner* v. *O'Loughlin*, 76 N. H. 481. She intended that the personal expenses of Edmund for care, maintenance and support should constitute the limit of the appropriation of income by the trustees under this clause of the will, and that the amount so appropriated for the care of Edmund should not be enlarged by a liberal construction that the support of a husband includes the support of his dependent family. The testatrix could not prevent the practical result that both wife and son might be benefited indirectly because the husband and father was receiving care, maintenance and support from the income of said trust fund. But she clearly provided that none of that income was to be appropriated directly for their support or benefit. The cases cited by the guardian do not support its contention that a vested interest in the whole income of the trust passed to the *cestui que trust*. In *Hanson* v. *Graham*, 6 Ves. Jr. 239, the Master of the Rolls found that by the terms of the trust then under consideration the whole interest as it fell due became the absolute property of the *cestui*, and all that was left to the trustee was to determine in what manner it might best be employed. The master distinguishes the case from one in which merely a maintenance is given from the income; then nothing more than a maintenance can be called for, and what is not taken out for maintenance "must follow the fate of the principal." *In re Johnston*, 1894, 3 Ch. 204 dealt with a testamentary provision under which the testator directed that £1200 should be invested for the benefit and advantage of his son on his attaining the age of twenty-one years, "such sum to be applied to his professional or other advancement at the discretion and judgment" of the executor and trustee. The court observed that there was no gift over and no discretion in the trustee to apply the whole or a part of the fund for the benefit of the legatee, but that the whole sum must be so applied. The sole person who had any beneficial interest in any part of the fund was the testator's son. The court said, "the case seems to me to fall within the class of cases,

which have been referred to, in which the law has been laid down that a testator is not to be allowed to fetter the mode of enjoyment of persons absolutely entitled to a fund." In *Endicott* v. *University of Virginia*, 182 Mass. 156, it appeared that by a will the residue of an estate was given in trust to "pay over the net income thereof to my daughter Mary Austin, at such times and in such sums as my Executors or Trustees may deem judicious," with remainder to the University of Virginia. The question before the court was as to the right of the beneficiary Mary Austin to alienate a portion of the annual income of the trust fund. The court held that the whole income was given to the daughter, that the provision as to payments by the trustees in no way cut down the absoluteness of the requirement that sooner or later all of the income was to be paid to her and said provision did not render her equitable life estate inalienable. In *Hayes* v. *Robeson*, 29 R. I. 216, the court construed a certain testamentary provision wherein a testatrix gave ten thousand dollars to her son in trust to apply and expend the fund with its income at his discretion for the education, training and advancement of two sons of the trustee, and in case of the death of either before reaching the age of twenty-one years to apply the whole or whatever might then remain of the trust fund to the completion of the education, outfit and advancement of the other for or in his profession or business. In case of the death of both beneficiaries before reaching the age of twenty-one then the fund should become the property of the trustee. At the time of the court's opinion the beneficiaries were twenty-seven and twenty-four years old respectively. The court held, from a consideration of the terms of this trust and those of another created by the same will, that each beneficiary took a vested interest in the fund, liable to be divested by such beneficiary's death under twenty-one years; that the discretion of the trustee was merely as to the portions to be expended from time to time and the objects to which they were to be applied within the terms of the trust. The court

ordered that the trust should terminate and the fund be distributed to the beneficiaries whenever in the opinion of trustee it became desirable for their advancement in life.

In each of the foregoing cases, relied upon by the guardian, the court found an intention of the testator to give an absolute interest in the whole of a trust fund or the whole of the income of such fund, and held that the character of the beneficiary's interest, as a vested estate, was not affected by other provisions in which the testator successfully or otherwise sought to regulate or postpone the full enjoyment of such vested interest.

The guardian places great reliance upon *Rhode Island Hospital Trust Co.* v. *Noyes*, 26 R. I. 323. In that case a testator gave certain shares of stock to a trustee with direction to pay from the net income a certain annuity to the testator's sister and the remainder of the net income or so much as the trustee deemed advisable to pay or apply to the use or benefit and education of the testator's grandson until he attained the age of twenty-one years and thereafter until he attained the age of twenty-five years to pay all the residue of the net income to the grandson for his own use, and upon his attaining the age of twenty-five years to pay the whole trust fund "and all accumulations" thereof to him for his own use. If the grandson deceased under the age of twenty-five years the trustee was directed to distribute "said fund" to his issue, if any living, and in default of issue then as part of the testator's residuary estate. The grandson attained the age of twenty-one years but died before reaching the age of twenty-five years without issue. Upon his death there remained in the hands of the trustee accumulations of income which it had not expended for the use of the grandson during minority. These accumulations of income were claimed by the executor of the grandson's will. From the provisions of the trust two members of the court, constituting a majority, found that the grandson took a vested interest in the trust fund and its accumulations liable to be divested as to the *corpus* of the fund but not as

to the accumulations upon his death under the age of twenty-five years, and decreed that all of the accumulated income of said fund was a part of the grandson's estate. The chief justice dissented from this determination. This case is distinguishable from that at bar. In the present case there is no provision that at any time the beneficiary shall have the benefit of more of the income than is necessary for his care, maintenance and support, and the testatrix has taken pains to indicate that he shall not. In *Trust Company* v. *Noyes,* although during minority the trustee was to apply to the use or benefit and education of the *cestui* so much of the residue of the net income as its finance committee deemed advisable, yet at the age of twenty-five the *cestui* was to receive the whole trust fund and all accumulations thereof. Without difficulty the court could find that the fund and the unexpended income were vested. From the use of the phrase "the whole of this fund and all accumulations thereof" in the gift to the *cestui* and the use of the phrase "the said fund" in the gift over upon the death of the *cestui,* the court found that the testator did not intend to include the accumulations of unexpended income in the gift over. The court then logically reached the conclusion, as such accumulations could not be regarded as intestate property, that death did not divest the *cestui* of the unexpended income and the same belonged to his estate. The guardian has also cited to us *In re Sanderson's Trust,* 3 K. & J. 497. That case is an authority against the guardian's contention upon the point we are now considering. According to the facts in that case a testator had devised and bequeathed all his estate to trustees upon trust to pay and apply the whole or any part of the rents, issues and profits of his estate for and towards the maintenance, attendance and comfort of his brother John, who was imbecile. The trustees applied only a part of the income of the trust towards the maintenance, attendance and comfort of the beneficiary during his life. Upon his death the question arose as to whether the accumulations of income

made during the lifetime of the *cestui* belonged to his administrator or formed part of the testator's residuary estate. The Vice Chancellor said: "I do not think it confers on him (the beneficiary) an absolute right to have the whole income applied, except in the event of a case being made, that the whole was wanted for the specific purposes directed by the will. It is not the whole income that is given. It is 'the whole or any part' and the court would read that in the same way as 'the whole or a component part'—the form in which many of these trusts run, where the object is the maintenance, education and advancement of children, or the like, I do not think therefore, that the present case is within the class of cases where an entire fund is given and a purpose is assigned as the motive of the gift; neither do I think that *Cope* v. *Wilmot*, is to be considered as a case which ought to govern this, so as to lead me to hold, that the whole income of the property is given out and out for the benefit of the testator's brother, or any more of that income than is necessary for the particular purposes specified in the gift." See also *Gray* v. *Corbit*, 4 Del. Ch. 135; *Demeritt* v. *Young*, 72 N. H. 202.

In support of its contention that the restriction providing that none of the income of the trust estate shall be appropriated for the support of the wife and child of the *cestui* was void and that the *cestui* received a vested estate in the whole income the guardian has cited *Tillinghast* v. *Bradford*, 5 R. I. 205, in which the court declared the invalidity of spendthrift trusts in this State. The guardian sees such a relation between the trust before us and that considered in *Tillinghast* v. *Bradford* as to lead it to urge that if the court should hold that Edmund does not take a vested estate in the whole income, and that the provision excluding his wife and child from any benefit from the trust estate is valid, the court will also be required to overrule *Tillinghast* v. *Bradford*. The analogy which the guardian finds between this trust and the spendthrift trust of *Tillinghast* v. *Bradford* does not appear to us to exist, and whatever may be our

determination in this case it will not in the least affect the authority of *Tillinghast* v. *Bradford.* In that case the court held that in the absence of a gift over, provisions contained in a trust, to the effect that a vested equitable estate for life should not be alienable by the *cestui que trust* except by will, and should not be subject to the payment of his debts are void, in the event of an attempted alienation or a seizure for the debts of the *cestui.* The court said: "Certainly, no man should have an estate to live on, but not an estate to pay his debts with. Certainly, property available for the purposes of pleasure or profit should be also amenable to the demands of justice." The guardian argues that a man is legally obliged to support his wife as well as to pay his debts, and hence *Tillinghast* v. *Bradford* is an authority here. The principle in *Tillinghast* v. *Bradford* is not that the beneficiary's interest in a trust fund should be declared vested in order that he might meet his legal obligations but that as a vested life estate had been given to the *cestui,* that life estate was subject to the legal incidents of such an estate, among which are alienability and subjectiveness to the payment of the owner's debts. Hence restraints opposed to the nature of such property are totally void. It by no means follows from this that a testator may not make a valid provision that only as much of the income of a trust fund shall be used as is necessary for the personal support of a beneficiary, and may not also emphasize the statement of his intention by adding that none of the income shall be appropriated for the support of the beneficiary's family. There is no inherent invalidity in a provision that a certain person shall not have a share in a testator's bounty. If after giving a vested estate in the income of a trust fund a testator should provide that the beneficiary should use none of the income so received for the support of his wife, it might with force be argued that a testator could not so restrict the legal incidents of the estate which he had given; this however is quite unlike the proposition that a gift of maintenance to be taken out of income becomes a vested interest in the

whole income because the beneficiary's wife is not also given maintenance from the income. The provision excluding the wife and child from the benefits of the trust may throw some light upon the question of the interest which the testatrix intended to give the beneficiary, also upon the disposition which the testatrix desired should be made of accumulations of interest upon the death of the beneficiary, it also may assist upon the question of marshalling the trust income and the income from the beneficiary's independent estate, and as to whether the testatrix intended that the appropriation of trust income to his maintenance should be in exoneration of his independent estate, but in no other manner does it affect the matter before us. Such provision cannot enlarge a lesser interest into a vested life estate, nor, if a vested equitable estate for life has been given, will this provision modify or limit the legal incidents of such vested estate. The former holding of this court in regard to the invalidity of spendthrift trusts furnishes no aid in the determination of the matter now before us.

The trustees in their execution of the trust have appropriated only a portion of the net income for the benefit of Edmund. Believing that his mental derangement is incurable, that it will be necessary at some later time to again place him under restraint for his protection and the safety of others, whereby his personal expenses will be greatly increased, the trustees have accumulated the unexpended income of the trust fund and have invested the same in order to later apply the accumulations if necessary to any larger requirements of Edmund for care, maintenance and support. The trustees would not be justified in restricting their present appropriation of income for the benefit of Edmund to a sum less than his necessities for the purpose of accumulating a fund to meet some possible future requirement, which, in the nature of the case may never arise. After using such of the income as is reasonably required at present for the maintenance of the beneficiary the trustees very properly do not add the amount unexpended to the principal, but

invest it separately to answer possible future demands for the benefit of Edmund in accordance with the provisions of the trust. *In re Bavier*, 164 App. Div. 358. Counsel have argued the question as to what disposition shall be made of any accumulations of unexpended income remaining in the hands of the trustees upon the death of Edmund, in the event of our holding that the whole income of the trust shall not be paid as it accrues to the guardian of the beneficiary. We have held that the interest of Edmund is limited strictly to that portion of the income which is necessary for his personal maintenance. After his death the right of his estate is no greater than his own right during life, in the absence of a provision to that effect in the trust. The will of the testatrix does not confer such enlarged interest upon the estate of Edmund. The contention of the guardian that accumulations of income in the hands of the trustees at Edmund's death will pass to his estate is not approved. Nor will such accumulations pass to the next of kin of the testatrix as intestate property, in accordance with the recognized rule, the expression of which in *Booth* v. *Booth*, 4 Ves. Jr. 399 has been adopted by this court in *Rhode Island Hospital Trust Co.* v. *Noyes, supra.* "Every intendment is to be made against holding a man to die intestate, who sits down to dispose of the residue of his property." The testatrix has not explicitly provided that upon the death of Edmund accumulations of income shall go with the *corpus* of the trust and be distributed to her two daughters and her sons William and Dexter, but we are of the opinion that such intention should be implied. As was suggested in *Hanson* v. *Graham, supra,* whatever has not been taken out of the income for the maintenance of Edmund during his life "must follow the fate of the principal."

The trustees claim that they have absolute discretion in the use of the income for the care, maintenance and support of Edmund; that they may pay or withhold its appropriation entirely in accordance with their own judgment. At times in his argument and briefs their solicitor appears to

take the position that the court cannot properly interfere with or review the trustees' appropriation of income for the benefit of Edmund unless it is made to appear that they have acted dishonestly and have been guilty of fraud or bad faith. The trustees have not such absolute and uncontrollable discretion. The testatrix has not in terms conferred any discretion upon the trustees as to the amount of income which they shall appropriate for the benefit of Edmund, but has directed that they shall use so much as shall be necessary for the care, maintenance and support of the beneficiary. In their execution of the trust they must necessarily in the first instance exercise their judgment as to the needs of Edmund and appropriate what they consider necessary; but this is by no means conclusive. The amount necessary for his maintenance is a question of fact, and the judgment of the trustees upon that fact is subject to review. If question is raised as to the sufficiency of the appropriation a court of equity having jurisdiction over the trustees will direct an inquiry. *Woodward* v. *Dain*, 109 Me. 581; *In re Sanderson's Trust*, 3 K. & J. 497; *Coffin* v. *Watson*, 78 N. J. Eq. 307; *Johnson* v. *Johnson*, 215 Mass. 276; *Gardner* v. *O'Loughlin*, 76 N. H. 481.

We are of the opinion that Edmund G. Thurber did not take a vested estate in the whole income of the trust; that the accumulations of unexpended income remaining at the death of Edmund then becomes a part of the trust fund to be distributed with the principal; and that the trustees do not have an absolute and uncontrolled discretion in the use of said income for the benefit of Edmund, but that the reasonableness of their conduct in that regard is subject to review and revision.

The parties may present a form of decree in accordance with this opinion.

*Eliot G. Parkhurst, Edwards & Angell*, for William H. Thurber and Dexter Thurber.

*Tillinghast & Collins*, for R. I. Hospital Trust Co., guardian and guardian *ad litem*.