† A. STANLEY v. A. W. THORNTON ET AL.

UNEXPENDED BALANCE OF INCOME OF BENEFICIARY SUBJECT TO PAYMENT OF HER DEBTS. Under the terms of the will set out in the decision in this case the beneficiary therein named was entitled to the sum of at least $300 per annum from the estate of the testator in the hands of the trustee therein named, and not merely to such sum as in the judgment of the trustee is needed for her support. And there being in the will no limitation on her right to alien, transfer or charge said sum with the payment of her debts, it may be held liable therefor, and be subjected to the payment thereof.

Appeal from the Court of Common Pleas of Hamilton county.

SMITH, J.

We are of the opinion that by the will of Stephen Clark (of which will Judge Murdock was named as executor), the whole of his estate, real and personal, was devised to said Murdock as trustee.   He, under the law, was bound to pay therefrom the debts of the testator, the costs and expenses of the administration of the estate, and under a clause of the will was to purchase a lot in the cemetery and erect a monument thereon, and then by its terms he was to have the rents and interest of the residue, after deducting his compensation, and the taxes on the property, and the charges of every description, for the use and benefit of Emma, daughter of Mary Maiden, for her education and support during her life.   "And if the clear income should not amount to $300 per year for the said Emma, enough of the principal" (was to be) "appropriated to make up $300 for her per year," and if the said Emma should die leaving descendants, the principal was to go to them.

As stated, we think the effect of this was to give the whole of such net income to Emma, to be paid to her annually.   It certainly could not have been the intention of the testator to give any part of it to Murdock for his own use, nor was there any provision, express or implied, in the will, for an accumulation of any part of the income not needed for her support and education to pass at her death with the principal fund, or what might remain of it, to her descendants.   Nor does the fact that the will gives this net income to her for "support and education," limit her right to the whole thereof.   As said by Allen, J., in the decision of the case of Slattery v. Wason, 151 Mass., 268:   "When the whole income or a definite sum is given to the beneficiary for his support, the whole belongs to him, and is to be applied by him at his discretion, and the expression of the purpose for which it is given, is not deemed to be the expression of an intention that the right to secure it shall not be alienable."

The view that the whole of this net income was so given to her, and not merely such a part thereof as might be necessary for her support and education, and that this was not to be left to the discretion of the trustee, we think is strengthened by the other provision of the will, viz.: "that if the clear income should not amount to $300 per year for the said Emma, enough of the principal is to be appropriated

<hr>

† This judgment was affirmed by the supreme court; see opinion, 55 O. S., 199.

to make up $300 for her per year." This seems to contemplate that she shall in any event have the amount named, and without any restriction or limitation as to the way in which it shall be used by her.

If we are correct in holding that it was the whole net income of the residue of his estate which was thus in effect given to her, and which was to be paid her by the trustee, it would seem to follow, on well settled principles of law, there being no express, or as we have held, implied direction in the will that it was not to be subject to the payment of her debts, or that she should not in any way alien, transfer or incumber her said interest, that it would be liable to the payment of her debts.

The evidence shows that Mr. Clark died in 1878—Emma, now Mrs. Thornton, was then about 16 years of age. The estate then consisted, after the payment of known debts, and costs of administration, and the purchase of the cemetery lot and monument, of a tract of land in this county of about 73 acres, which has produced little, if any, income, a house and lot in the city, producing $50 to $60 per month, and about $25,000 invested in U. S. six per cent. bonds. A few years ago, claims were presented against the estate which reduced the personal property to $14,500, which is now well invested in bonds. The net income of the estate has been regularly paid by the trustee to the beneficiary, or for her education and support and that of her family, she having a husband and a child, and such payment was by the trustee considered reasonable and proper. At the time of the commencement of this suit, November 28, 1891, Judge Murdock had overpaid her about $200, but from the money since received from income and interest, he has reimbursed himself, and has paid to Mrs. Thornton more than the amount of the plaintiff's claim against her, which was a judgment for $52 on a note signed by herself and her husband, the consideration of which does not appear.

We incline to the opinion that even if the amount under the will was to go only for her support, that in view of the facts proved the burden was on the defendants to show that the amounts were necessary for that purpose. But on the other ground we think that this claim should have been paid by the trustees from the income in his hands after suit brought, and which he paid to her, and a decree will be rendered that it be now paid with costs.

Scott Bonham, for plaintiff.

W. L. Avery, for defendant.