## BURCH v TURNER et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1264.   Decided Feb 6, 1935

Mansfield & Merryman, Steubenville, D. W. and A. S. Iddings, Dayton, and Norman L. Weisman, Dayton, for plaintiff in error.

E. H. and W. B. Turner, Dayton, for defendants in error.

## OPINION

By HORNBECK, PJ.

In conjunction with the construction of the other items heretofore quoted we should also set forth Item II of the will, which provides:

"ITEM II. All of the rest and residue of my property, real, personal and mixed, I give, devise and bequeath unto my brothers, Edward T. Turner and Wellmore B. Turner (or if either be deceased, to the survivor) in Trust for the following purposes:

To manage, invest, reinvest, change form of investment, collect the income and distribute the net income as herein provided. Plenary authority is given to said Trustees. They (or he) may sell and convey real estate without order of court. New investments, however, must be made in real estate or mortgage loans secured by first lien on real estate, or building association certificates of deposit, or approved county or mu-

nicipal bonds, or United States bonds, and in nothing else."

It will be noted that all of the testator's estate, both real and personal, save only his home, is embodied as a trust estate to be managed, invested and the net income therefrom distributed by the trustees as provided. Plenary authority is given to said trustees respecting the sale and conveyance of the real estate and the placing of investments so long as within the classes defined by the testator. The highest canon of construction of a will is that the purpose of the testator be interpreted from the four corners of the instrument itself.

The testator having chosen two of his brothers as his trustees, reposed in qualified authority determination of what constituted a comfortable livelihood of any of the brothers who might be incapacitated from ill health or physical disability. The conditions under which they could receive a share of the 40% are definite, namely, ill health or physcal disability. These conditions are well recognized and capable of determination.

In effectuating the declared purpose of the testator the trustees will be held within discretionary limits respecting the application of the funds to the use of any of the brothers of the testator. Both of the conditions set forth in the item, namely, physical disability or ill health and incapacity to earn a comfortable livelihood, must attend before the item can have any application as respects a brother of the testator.

We are of opinion that the item is neither uncertain nor vague but that the use to which a certain proportion of the 40% net income of the trust estate may be applied is definite and that the discretion vested in the trustees is usual and proper.

We are of opinion, as was the trial court, that Daisy Burch is not entitled to the full 40% of the net income of the trust estate but only so much as in the discretion of the trustees is required for her support. The support of Daisy Burch as provided in the item, is to be made independent of or in conjunction with the support of any of the brothers of the testator if any of them should come within the purpose of the item.

We have been referred to Jones, Exr. v Jones et, 223 Mo. 424, 25 L.R.A. (N.S.) 424. The first syllabus of this case sets forth the nature of the devise under construction:

"A devise of real estate in trust to allow testator's son to have an estate for twenty years, and if, at the expiration of that time, he is capable of prudent ownership, to have a fee, and if not, to permit him to continue his use and ownership for life with remainder over, creates a dry trust, which is executed in the cestui que trust by the statute of uses; and it is immaterial that the trustee is directed to pay the taxes on the property from the income of other property if the son fails to do so."

In the note to this case at the outset it is stated that:
"The conclusion reached in the above case seems to be against the weight of authority."

And then are cited a number of cases from various jurisdictions, some of which support and some of which differ from the conclusion reached in the reported case.

There are at least two marked distinctions to be made between the cited and the instant case but the one which is material and controlling is that the state clearly vested in the devisees and the condition attached was a condition subsequent.

**Thornton et v Stanley, 55 Oh St, 199,** and particularly pages 208 and 209 are cited. Here the testator bequeathed all the net income of his estate to a trustee in trust for the education and support of a certain person for life without other limitations; held that the bequest so made is an absolute one and is subject to the claim of creditors.

At page 208 Minshall, J, stated:

"It is said by Morton, CJ., in Sears v Choate, 146 Mass. 395: 'This court has held that the founder of a trust may give an equitable life tenant a qualified estate in income which he cannot alienate and which his creditors cannot reach.' Broadway National Bank v Adams, 133 Mass. 170. But in order to give such a qualified estate instead of an absolute one, the language of the founder must be clear and unequivocal to that effect. And observing that, in the will then in question, 'there is no limitation over of the estate in any contingency to any other person; there is no discretion given to the trustees, and there is no provision that the income of the estate shall not be alienable by the plaintiff or attachable by his creditors,' said, 'it cannot be doubted that under this will plaintiff took an equitable estate which he might alienate, and which equity would apply to the payment of his debts'."

But further discussing the question on page 209 the distinction which is found in the instant case is illustrated:

"The claim that the bequest in this case is a limited one, is founded solely on the fact that it was given for the education and support of the beneficiary. But, in Slattery v Wason, 151 Mass. 268, it is said by Allen, J.: 'When the whole income or a definite sum is given to the beneficiary for his support, the whole belongs to him, and is to be applied by him at his discretion, and the expression of the purpose for which it is given is not deemed to be the expression of an intention that the right to secure it shall not be inalienable; but when the right is for a support out of a fund which is given to another, the right is in its nature inalienable and the intention of the donor that it shall not be alienated is presumed.' Taking this to be a fair expression of the rule and its limitations in Massachusetts, where it has apparently received its widest application, the bequest in question must be regarded as an absolute one. As before observed, the net income is all given to the beneficiary for her education and support, not such sum as may be allowed by the trustee or by him thought necessary; nor is it a support out of a particular fund given to another, for here, to her, is given the whole fund, the net income from the testator's estate."

We have also examined the **Merchants' National Bank v Merieck et, 4 N.P., 219,** where the court held that the net income which it was provided the trustee should pay to a son of the testator for the support of himself and family, passed without limitation to the son. The court quotes from Thornton et v Stanley, supra, wherein was stressed the failure of the testator to vest any discretionary power in the trustee, but requiring the whole of the net income to be paid to the named benficiary.

The court further says that the provision for support for the son and his family was only an expression of the desire or wish of the testator. The item of the will there under consideration clearly required the construction which the court gave it.

Item IV of the will provides:

"ITEM IV. All of the net income from my estate not disposed of under ITEM III hereof shall be paid to my wife, Lucy S. Turner, so long as she remains unmarried. In the event of her remarriage said residue of net income shall be equally divided between my said wife and my daughter Elizabeth."

And Item VI of the will provides:

"ITEM VI. I direct that all payments of net income be made in as nearly equal monthly payments as possible. If it shall become necessary to appoint a successor trustee or trustees hereunder, and the beneficiaries cannot agree, I name The Dayton Savings & Trust Company of Dayton, Ohio, as such successor trustee."

Item VI indicates a purpose of the testator to have payments of net income, which includes the 40% provided by Item III, made in monthly payments if possible.

The contemplated expenditures under Item III will include support money for Daisy Burch and if, after this sum is paid and/or any sum required for any of the brothers under Item III, there remains an unexpended balance, this net income should be paid to Lucy S. Turner, the widow of testator so long as she remains unmarried. The purpose of the testator to have regular and current distribution of the 40% net income mentioned in Item III of the will is apparent and the share, if any, undisposed of in Item III will be susceptible of determination at regular intervals.

Upon a consideration of the will of Earl Turner, deceased, in its entirety we are of opinion that it is clear, concise and distinct and with particularity and definiteness sets forth his purpose of distribution of income and corpus of his estate. The manner, method and personnel by which his wishes may be effectuated are found in the language of the will and codicil and we know of no legal infirmity against giving it full and complete meaning.

The judgment of the trial court will be affirmed.

KUNKLE and BARNES, JJ, concur.