MICHAEL J. O'DONNELL & others[1] *vs.* FRANCES M.
O'DONNELL.

No. 08-P-859.

Suffolk. February 9, 2009. - June 12, 2009.

Present: McHUGH, COHEN, & GRAHAM, JJ.

*Land Court,* Jurisdiction. *Jurisdiction,* Land Court.

A Land Court judge properly dismissed the complaint in a civil action, due to
the pendency of a prior action in the Probate and Family Court, where the
complaint filed in the Probate and Family Court was not a complaint af-
fecting title to registered land that would be subject to the exclusive
original jurisdiction of the Land Court pursuant to G. L. c. 185, § 1(a¹/₂).
[411-412]

CIVIL ACTION commenced in the Land Court Department on
September 12, 2007.

A motion to dismiss was heard by *Harry M. Grossman,* J.

*Edward J. O'Brien* for the plaintiffs.

*Steven S. DeYoung* for the defendant.

COHEN, J. A judge of the Land Court dismissed the plaintiffs'
complaint due to the pendency of a prior action in the Probate
and Family Court. See Mass.R.Civ.P. 12(b)(9), 365 Mass. 754
(1974). In this appeal, the plaintiffs contend that the judge erred
in not asserting the Land Court's exclusive original jurisdiction
over matters affecting title to registered land under G. L. c. 185,
§ 1(a¹/₂). Because we agree with the judge that the Land Court
did not have exclusive original jurisdiction over this dispute, we
affirm.

*Background.* The plaintiffs are the four adult sons of the
defendant, Frances M. O'Donnell. O'Donnell is an elderly
woman whose fifth child, a daughter, is not a party to this suit.

[1]Kevin F. O'Donnell, William R. O'Donnell, and Lawrence F. O'Donnell,
Jr.

The case arises against the backdrop of prior conflict between the sons, on the one hand, and the mother and the daughter on the other, with respect to the disposition of two adjacent parcels of registered land (the property) owned by O'Donnell and located in Falmouth.

In December, 2002, O'Donnell executed two quitclaim deeds that conveyed the property into two real estate trusts, with herself and all five of her children as beneficiaries. As a result of litigation in the Probate and Family Court, an amended judgment dated August 19, 2004, dissolved the trusts, declared them null and void, and returned title to the property solely to O'Donnell. In a decision dated May 16, 2006, this court affirmed the amended judgment in an unpublished memorandum and order issued pursuant to rule 1:28. See *O'Donnell* v. *Downey*, 66 Mass. App. Ct. 1107 (2006).[2]

In order to effectuate the amended judgment, O'Donnell petitioned the Land Court to cancel the certificates of title and to issue new certificates of title to reflect that the property was registered solely in her name. In orders dated November 21, 2006, her petitions were allowed, and the orders subsequently were filed for registration in the Barnstable County registry district of the Land Court.

In the meantime, however, on October 3, 2006, O'Donnell again signed two quitclaim deeds — this time conveying the property to her children as tenants in common and reserving a life estate for herself. A few weeks later, on October 31, 2006, O'Donnell signed another pair of deeds containing essentially the same terms. None of the four October deeds ever was filed

---

[2]As recounted in our memorandum, see *O'Donnell* v. *Downey*, *supra*, shortly after O'Donnell established the trusts, a dispute arose in the family over a plan by O'Donnell and her daughter to take out a substantial mortgage on the property. When they went ahead with the mortgage, three of the sons — represented by the fourth — brought suit against their mother and their sister, seeking to have their "mentally weak" mother declared incompetent, to have both their mother and their sister removed as trustees, and to have all mortgage proceeds restored to the trust. O'Donnell responded, among other things, with a petition in equity to dissolve the trusts on the grounds of mistake and impossibility of purpose. A court-appointed psychiatrist declared O'Donnell competent, and, after a bench trial, a Probate and Family Court judge ordered the trusts dissolved and O'Donnell's sole ownership reinstated.

for registration, and the property remains registered solely in O'Donnell's name.

On December 6, 2006, O'Donnell filed another lawsuit in the Probate and Family Court against her son, one of the plaintiffs, Kevin F. O'Donnell. Her complaint sought the imposition of a constructive trust upon the property and a declaration that the four October deeds are null and void because they were the product of Kevin's[3] undue influence, fraud, and breach of fiduciary duty. A Probate and Family Court judge entered a preliminary injunction preventing the registration of the four October deeds. The judge also denied Kevin's motion to dismiss, which was brought on the ground that the Land Court had exclusive jurisdiction over the dispute.

With the Probate and Family Court action still pending, Kevin and his brothers filed the present action in the Land Court on September 12, 2007, seeking a judgment declaring that the four October deeds effectively had transferred title to them and authorizing them to record the deeds forthwith. It is this action that the Land Court judge dismissed.

*Discussion.* The Land Court judge correctly ruled that where the judgment sought would not of its own force purport to modify the registered title of land covered by a certificate of title, the Land Court does not enjoy exclusive original jurisdiction under G. L. c. 185, § 1($a^1/_2$). Section 1($a^1/_2$), as appearing in St. 1986, c. 463, states, "Complaints affecting title to registered land, with the exception of actions commenced pursuant to chapter two hundred and eight or two hundred and nine," are subject to the exclusive original jurisdiction of the Land Court. This rule exists because "a person examining a certificate of title in the land registry is entitled to the conclusion that the property is not encumbered by anything that does not show on the certificate." *Feinzig* v. *Ficksman*, 42 Mass. App. Ct. 113, 116 (1997).

In contrast, "[a]ll cases and matters cognizable under the general principles of equity jurisprudence where any right, title or interest in land is involved, including actions for specific performance of contracts," are subject to the concurrent jurisdiction of the Supreme Judicial Court, the Superior Court, and the Land

---

[3]We employ first names when required, for clarity.

Court. G. L. c. 185, § 1(*k*), as appearing in St. 2002, c. 393, § 7. The Probate and Family Court, as a court possessing general equity jurisdiction, also enjoys concurrent jurisdiction over such matters. See *Tetrault* v. *Bruscoe*, 398 Mass. 454, 458 (1986); *Suga* v. *Maum*, 29 Mass. App. Ct. 733, 736 (1991). Disputes that concern general equity principles "do not implicate any special expertise of the Land Court and therefore fall outside the rationale of the 'exclusive original jurisdiction' provision." *Steele* v. *Kelley*, 46 Mass. App. Ct. 712, 725 (1999). This is true even where the land at issue is registered, as long as the action desired would not have the effect of altering the registered title. *Ibid.* Finally, when considering cases involving deeds, it must be remembered that "[t]he act of registration *only* shall be the operative act to convey or affect the land." G. L. c. 185, § 57 (emphasis supplied).

The central issue before the Probate and Family Court in O'Donnell's pending case is whether principles of equity require that the four October deeds be set aside as products of fraud, undue influence, or breach of fiduciary duty. Because these deeds never were registered, their invalidation would not modify the existing registered title. Likewise, if a Probate and Family Court judge finds that these deeds were valid, they still would represent no more than "a contract between the parties, and . . . evidence of authority to the recorder or assistant recorder to make registration." *Id.* A separate act of registration would remain necessary to modify the title directly. *Id.*

It follows that the complaint filed in the Probate and Family Court was not a "[c]omplaint[] affecting title to registered land," subject to the exclusive original jurisdiction of the Land Court under G. L. c. 185, § 1(*a*¹/₂). Accordingly, the Land Court judge did not err in dismissing the Land Court complaint.

*Judgment affirmed.*